ORIGINAL

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

2023 JUN 26  PM 4:10

DEPUTY CLERK___MS___

------------------------------- §

DERONNIUS R. YOUNG,                  §        CIVIL ACTION NO.
                                     §        _____
            PLAINTIF,                §        **3-23CV1423-D**
                                     §
      v.                             §
                                     §
THE CITY OF IRVING, Sgt. ADAM LANDRY, §
INDIVIDUALLY AND/OR AS AN AGENT OF   §
IRVING POLICE DEPARTMENT, ANDREW     §
HAMMETT INDIVIDUALLY AND/OR AS AN    §
AGENT OF IRVING POLICE DEPARTMENT,   §
JOHN AND JANE DOES, IN THEIR         §
INDIVIDUAL AND OFFICIAL CAPACITIES   §
AS AGENTS/EMPLOYEES OF IRVING        §
POLICE DEPARTMENT, AND JEFF SPIVEY,  §
INDIVIDUALLY AND/OR AN AGENT OF      §
IRVING POLICE DEPARTMENT             §
                                     §
                                     §
            DEFENDANT(S).            §        JURY TRIAL DEMANDED

---------------------------

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, PLAINTIFF DERONNIUS R. YOUNG, as a *pro se* litigant, for his

Complaint against THE CITY OF IRVING, DALLAS COUNTY, Sgt. ADAM LANDRY,

INDIVIDUALLY AND/OR AS AN AGENT OF IRVING POLICE DEPARTMENT, ANDREW

HAMMETT, INDIVIDUALLY AND/OR AS AN AGENT OF IRVING POLICE

DEPARTMENT, JOHN AND JANE DOES, INDIVIDUALLY AND/OR AS AN AGENT OF

IRVING POLICE DEPARTMENT, AND JOHN PHILLIPS, INDIVIDUALLY AND/OR AN

AGENT OF IRVING POLICE DEPARTMENT (collectively, "DEFENDANTS") alleges, on knowledge as to his own actions, and otherwise upon information and belief, as follows:

## I.    INDEX OF COUNTS

COUNT I – 42 U.S.C §§1983, 1985, & 1986 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

    A. Unlawful detention, seizure, arrest

    B. Excessive force

    C. Conspiracy to deprive constitutional rights

    D. Malicious prosecution in deprivation of constitutional rights

        a. Perjury

        b. Destruction/omission of exculpatory evidence

COUNT II – 42 U.S.C § §1983 AND 1988/MONNELL POLICY CLAIM (CITY OF IRVING)

    A. Inadequate Training

    B. Failure to Supervise

## II.    EXHIBITS

**Exhibit A – 23min video of Sgt. Landry's body camera**

**Exhibit B – Officer Andrew Hammett's sworn affidavit**

**Exhibits C/D – Sgt. Landry's and Officer Hammett's official police reports**
**Exhibit E – Falsified police documents related to DWI charges.**

**Exhibit F – Chief of Police promoting Landry to Sergeant**

**Exhibit G – Official Criminal Record (Charges dismissed)**

## III.    PRELIMINARY STATEMENT

1.    This is an action brought against the Defendants relating to their direct and/or complicit involvement in the unlawful detention and arrest of Plaintiff ("Young"). Acting under the color of law, Defendants' acts and omissions violated Young's individual rights under the Fourth Amendment of the United States Constitution and, consequently, his civil rights. Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985, 1986, & 1988.

PLAINTIFF'S ORIGINAL COMPLAINT                                             2

2.    Plaintiff alleges that former Irving Chief of Police Jeff Spivey ("Chief Spivey"), acting at the time of Plaintiff's injury, was at all times mentioned, the final policymaker for the Irving Police Department, with the authority for setting policies, including training of the Irving Police Officers. Chief Spivey had a duty, but failed to implement and enforce such polices, practices, and procedures for the IPD that respected Young's constitutional rights.

3.    Chief Spivey's and his respective department's failure to implement the necessary policies and the (de facto) implementation of unconstitutional policies, caused Young to experience unwarranted and chronic physical, mental, professional, and reputational demise. For these Civil Rights violations and other causes of action discussed herein. Plaintiff seeks requisite DAMAGES AND ANY EQUITABLE OR OTHER RELIEF SOUGHT afforded at law.

## IV.    JURISDICTION

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1343(3), in that this is a civil action arising under 42 U.S.C § § 1983 AND 1988 claims raised in this Complaint. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas for Causes of Action of constitutional violations and seeks recovery under applicable law.

## V.    VENUE

5.    Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1), in that DEFENDANT resides in this district and all acts complained of arose in the Northern District of Texas.

6.    The amount in controversy exceeds $75,000 exclusive of interest and related costs.

## VI.    PARTIES

7.    PLAINTIFF is a citizen of the United States who presently resides in Dallas, Dallas County, Texas.  At the time of the incident, Plaintiff was a resident of the City of Irving, Dallas County, Texas.

8.    The City of Irving ("Irving") is, and was at all relevant times mentioned, a municipality duly organized and existing under the laws of Texas. The Irving Police Department ("IPD") is an official subdivision of the city.  All individuals employed by the IPD are employees of the city.

9.    Further, the City is, and was at all times mentioned, engaged in owning, operating, maintaining, and doing business as the IPD for public service for residents of Irving, Dallas County.  All of the acts and omissions complained of in this Complaint by Plaintiff against Defendants were done and performed by them individually and/or in their relevant times they acted under the color of the law.  Moreover, the City and the policymaker ratified all of the acts of Defendants for which this Complaint is made.

10.    The city of Irving operates IPD.  The City funds IPD along with the Irving City Council, the Irving City Manager, and mayor, along with the Chief of Police are responsible for the implementation of their department's budgets, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.  The IPD and County are also responsible for preventative, investigative, and enforcement services for all citizens of the City of Irving, Dallas County, Texas.

PLAINTIFF'S ORIGINAL COMPLAINT                                                    4

11.    The City of Irving may be served with citation herein by and through its agent of service of process, City Manager Chris Hillman, at City of Irving located at 825 W Irving BLVD Irving, TX 75060.

12.    Dallas County may be served with citation herein by an through its agent of service process, the County Commissioner, Theresa Daniel, at 500 Elm St, STE 7100, Dallas, TX 75202 or wherever she may be found.

13.    Upon information and belief, Jeff Spivey ("Spivey") is a resident of Texas. Defendant is being sued in his individual and official capacity. At all times relevant, Spivey was acting under the color of law, that is, under the color of the statues, ordinances, regulations, policies, customs, and usages of the City. Spivey may be served at the Irving Police Department, 305 N O'Connor Rd, Irving, TX 75061, or wherever he may be found.

14.    Upon information and belief, Sgt. Adam Landry ("Landry") is a resident of Texas. Defendant is being sued in his individual and official capacity.  At all times relevant, Landry was acting under the color of law, that is, under the color of the statues, ordinances, regulations, policies, customs, and usages of the City. Landry may be served at the Irving Police Department, 305 N O'Connor Rd, Irving, TX 75061, or wherever he may be found.

15.    Upon information and belief, Officer Andrew Hammett ("Hammett") is a resident of Texas.  Defendant is being sued in his individual and official capacity.  At all times relevant, Hammett was acting under the color of law, that is, under the color of the statues, ordinances, regulations, policies, customs, and usages of the City. Hammett may be served at the Irving Police Department, 305 N O'Connor Rd, Irving, TX 75061, or wherever he may be found.

16.     The Specific Identities of Defendants John and Jane Does ("Does") are currently unknown to Plaintiff.  Accordingly, Plaintiff sues said Defendants by fictitious names.  Plaintiff reserves the right to seek leave of the Court to amend the Complaint to include the names, identities, and capacities of the Does together with the proper charging allegations against them once the true names, identities, or capacities of said Defendants is determined.   Upon information and belief, Does assisted in violations of 42 U.S.C § 1983.

## VII.    STATEMENT OF FACTS

17.     Plaintiff incorporates and realleges herein by reference paragraphs 1-17, inclusive, as though set forth fully herein.

### A.  Unlawful Detention of Young During Unlawful Traffic Stop

18.     On or about June 25th, 2021, around 12:30a, Sgt. A. Landry #1096 engaged his patrol vehicle lights as Young drove past him while exiting the parking garage at the Toyota Music Factory in Irving, Texas.  Young, in compliance with the officer's request, pulled over and parked his vehicle in a parking spot behind Bar Louie to learn why Sgt. Landry requested his attention since Young had not violated any traffic laws.   Young exited his vehicle and approached Sgt. Landry when he realized that the officer requested his attention.

19.     Sgt. Landry then informed Young that he was detained because he heard Young sounding his approved car horn at the vehicle in front of him as he exited the parking garage. Sgt. Landry further explained to Young that "it was against the law to sound a car horn when

there was not an emergency."  The police video explicitly shows Sgt. Landry communicating this "law" to Young repeatedly. *(See Exhibit A)*[1]

20.      Young then informed Sgt. Landry that the law he recited was "false" and "intentionally misrepresented" Sgt.  Landry ignored Young and repeatedly requested license and insurance documents. Obviously stunned and confused by the officer's intentional misrepresentation of the law, Young started to get the requested information, but asked Sgt. Landry once more to clarify why he was being detained.  Young maintained that he had not violated any traffic laws.  Landry subsequently maintained that it was "illegal to sound a car horn at a vehicle when there was not an emergency."

21.      Young repeatedly informed Sgt. Landry that he would happily comply with his requests AFTER he communicated a valid and actual law violation.  Young even asked Landry which section of the Transportation Code he referenced, but Landry insisted that he did not need to explain anything further to Young.   At that time, Sgt. Landry re-emphasized that "it was illegal to sound a car horn when there was not an emergency." Undoubtedly, Sgt. Landry intentionally and repeatedly misrepresented § 547.501(c) of the TX Trans. Code.

22.      Young was certain that Landry's interpretation was false because he was a current JD/MBA student at SMU-Dallas who recently conducted research on the Transportation Code. Landry's novice conflation of "emergency situations" with "warning devices" was wholly incomprehensible to any sensible person. Young completed his dual program in May 2023. Notwithstanding the fact that Young received an undergraduate degree of Criminology in 2014;

---

[1] *Exhibit A – Police video footage shows Landry's recitation of the "law" in the first 1min and 30seconds. Landry repeatedly confirmed that he initiated the traffic stop based on his interpretation of the TEX. TRANS. CODE.*

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 7

nearly ten years before completing law school.  As such, Young was wholly aware that his rights were violated the instant Landry detained him without reason.

### B.  Young Calls 9-11 for Help

23.     Afraid for his safety because he was unlawfully detained under false impressions of the law, Young dialed 9-11 for a "supervisor" to come to the scene and help since Sgt. Landry refused to establish a valid claim of Young's violation of the law.[2]  Sgt. Landry then informed Young that he was in-fact the supervisor; implying that he was the supreme authority.

24.     When the mob of officers arrived at the scene, they immediately attacked Young, shooting him repeatedly with stun guns and beating him to the ground in a routine fashion[3] Sgt. Landry and his gang of officers arrested Young without reason and without proper Miranda protocol. Furthermore, the officers brutally shot and beat Young who was non-violent, showed no signs of fleeing the scene while he sat on the ground and even called 9-11 for help.[4]

25.     Landry's police buddies willfully and routinely beat Young in agreement with Landry, and refused to employ any reasonable judgement, discernment, or common sense. Landry's fleet of soldiers conspired in a usual pattern to immediately vilify any person with demographics similar to Young. Landry's posse acted in accordance with their habitual practice of shooting, beating, and criminalizing law-abiding citizens, like Young.

_____

[2] *See Exhibit A at (4:35/23:07) – Police video shows Young sitting on the ground to call 9-11 for a supervisor.*
[3] *See Exhibit A at (7:09/23:07) –Police video shows an unknown officer committing a sneak attack behind Young's back and immediately beats him to the ground without warning, notice, or cause.*
[4] *See Exhibit A at (4:35/23:07) – Police video shows Young sitting on the ground to call 9-11 for a supervisor.*

PLAINTIFF'S ORIGINAL COMPLAINT                                        8

26.     As the supervisor, and supreme authority, Landry's power and direct instructions emboldened every officer present to act collectively with routine agreement in violation of Young's rights, liberties, and civil dignities. Landry and his impenetrable mafia repeatedly told Young that they do not have to uphold the law by making statements like "you'll find out why you're going to jail when we want you to know."

27.     While shooting, beating, and arresting Young, the officers stated "It's gonna get real bad for ya."[5] Due to shock and the excessive force of the officers' shooting and beating him relentlessly, Young entered a subconscious state of mind triggered by the trauma of the beating. Young was rendered incoherent after suffering from the unexpected brutalities brought on by Landry and his gang.

### C. Sgt. Landry Recites a False Narrative that He Observed Young Speeding, Driving into Oncoming Traffic, and Evades Landry by Driving in the Parking Garage.

28.     Indeed, Landry and his crew ensured that Young suffered even more. After the squad of officers had beaten Young, at the direction of Landry, they put him in a squad car. Landry then proceeded to make false claims to his gang about what happened during and before the stop.[6] Landry makes false statements that "he (Young) drove in the garage repeatedly sounding his horn and driving into oncoming traffic"[7] Landry further falsifies that Young "he lost Young as he passed three cars."[8] Landry then makes false claims that "he came out of the garage flying into oncoming traffic and whips in front of me."[9] Landry then states, "my guess is

---

[5] See Exhibit A at (7:27/23:07)
[6] See Exhibit A at (15:59/23:07)-Landry makes blatant falsifications about Young's driving patterns.
[7] Id.
[8] See Id.
[9] Id.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                    9

he has had a little bit to drink."[10] He continues to make false statements to more members of his gang that "yeah, he was just drivin' crazy, cutting people off, honking his horn all over the place.[11] Driving on the wrong side of the road.[12] He also told officers that "he just kept walking away."[13] Landry and officers then went into Young's parked car to rummage and raid after they unlawfully arrested him[14]

### D. An Unidentified Female Officer Details The Departmental Policy That Will Allow Landry to Unlawfully Obtain a Blood Sample from Young.

29.    Then, Landry and the gang of officers intentionally conspired to falsify a story that Young was under the influence and refused to take a FST. Two co-collaborator female officers and one male co-schemer assembled to make false narratives that Young refused to perform FST.[15] Laundry even muted his mic so that he and the two female co-partners and three other male collaborators could conjure up a false narrative to charge Young with a DUI.[16] He is seen on video muting his microphone as his co-connivers further developed a plot to frame Young for drunkenness.[17] The moment the female co-collaborated begins to devise the wicked plan, Landry's hand visibly and clearly covers his microphone to mute the conversation and the remainder of the video becomes inaudible and mysteriously ends 6mins later, even though Landry and his entire posse are still at the scene with Young arrested in a squad car.[18] Before Landry disables his video camera, you can hear a female officer state "there is a way you can

---

[10] Id.
[11] See Exhibit A – police video at (17:00/23:07)
[12] Id.
[13] Id.
[14] See Exhibit A – police video at (17:37/23:07)
[15] Id.
[16] See Exhibit A – police video at (17:53-23:07)
[17] Id.
[18] See Id.

PLAINTIFF'S ORIGINAL COMPLAINT
10

make him take an HGN."[19] Although Landry visibly mutes his microphone, inaudible video footage plainly shows the unidentified female officer and two other unidentified male officers explaining the this process to Landry.[20]

30.    Sgt. Landry and his gang then transported Young to the local hospital where they illegally forced Young to give a blood sample.

### E.  Sgt. Landry and Officer Andrew Hammett Perjured Affidavit and Police Reports

31.    At the scene, Sgt. Landry never spoke with Young about alcohol content and never asked Young to perform a field sobriety Test. Yet, Young's blood was illegally obtained at Sgt. Landry and his gang of officers' request. Young was transported to Irving jail where he waited 36hrs before being allowed to make a phone call. Young was illegally detained in Irving jail for two days then chained and hauled to Dallas jail for two more additional days.[21]

### F.  The District Attorney Dismissed all Charges Brought Against Young

32.    On April 30th, 2023, Young's attorney informed him that all charges documented on the June 25th, 2021 date had been dismissed by the Dallas County District Attorney for "Failure to establish Prima Facie." Sgt. Landry and his gang of officers, in connection with Dallas county officials, (1) falsified information and statements in the arrest affidavit; (2) purposely destroyed and intentionally omitted exculpatory video evidence; (3) unlawfully beat

---

[19] *See Exhibit A – police video at (17:53-23:07) Sgt. Landry mutes his microphone after a female officer informs him of a departmental policy that will force Young to give an unlawful blood sample.*
[20] *Id.*
[21] *See Exhibits B/C - Sgt. Landry and Officer Hammett's sworn statements falsifying the events of the unlawful detention and unlawful traffic stop.*

PLAINTIFF'S ORIGINAL COMPLAINT

11

and shot Young repeatedly with stun guns; (4) illegally obtained blood samples and (5) unlawfully detainedYounginjailfor4days.

### G. Sgt. Landry and IPD Officers Intentionally Omitted/Destroyed Exculpatory Evidence

33.    April 2023, Young's public defender informed him that the police video of Sgt. Landry's dashcam failed to show any evidence of the false claims Sgt. Landry and Officer Hammett made about Young evading officers, speeding, driving into oncoming traffic, or driving on the wrong side of the road.[22]

34.    August 2021, Young filed an open records request to obtain evidence of the 06/25/21 events. However, the records request was purposefully incomplete. Sgt. Landy and IPD officers failed to produce any video to corroborate Landry's/Hammett's claims of Young's illegal driving. More importantly, the District Attorney dismissed the claims because there was no evidence showing Sgt. Landry chasing Young through the parking lot or driving on the wrong side of the road, even though Landry and Hammett made sworn statements to the magistrate judge that Young had committed such behaviors.[23]

35.    Officer Hammett's and Sgt. Landry's sworn statements explicitly state that Young was detained for those specific reasons, even though the later released dashcam footage shows no record of the officers' claims they made to the Magistrate Judge. In addition, Landry and Hammett's sworn statements also claim that Young refused to participate in FST, even though

---

[22] Id.
[23] Id.

there is no video footage showing Landry discussing this matter with Young.[24] Instead, Landry and Hammett conjured the narrative of DWI after the unidentified female officer informed Landry of the IPD policy that could force Young into giving a blood sample, even though Landry never asked Young to participate in any FST and Young was never question about alchol.

## VIII.   COUNT ONE -  42 U.S.C § § 1983, 1985, and 1986 - (Landry/Hammett/John and Jane Does)

36.     Plaintiff re-alleges Paragraphs 1-36 of the Complaint.

37.     On June 25th, 2021, Defendants Landry, Hammett, and John/Jane Does acted under the color of law.

38.     In the events alleged above, Defendants acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Young of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C §§ 1983, 1985, & 1986.

39.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Young.

40.     At various times, Sgt. Landry misrepresented the transportation code during an unlawful traffic stop, while Hammett and Does conspired to falsify sworn documents and use ratified departmental policy to deny Young rights, privileges, and liberties afforded by the constitution. Defendants unlawfully detained, repeatedly shot (with stun guns), and arrested

---

[24] *See Exhibit A – The entire 23min video of the unlawful stop does not show Landry asking Young to perform FST nor shows Young denying to perform any FST.*

Young before unlawfully/maliciously taking blood samples via departmental policies ratified by IPD.

41.    The IPD, including but not limited to Landry, Hammett, and Does were willful, wanton, and reckless in exhibiting a conscious disregard for the safety and civil liberties owed to Young.

42.    As a direct and proximate result of the foregoing, Defendants individually and as agents/employees of the City and IPD, deprived Young of his rights and privileges as a citizen of the United States, and caused Young to suffer injury, of which has caused general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

43.    The above-mentioned claims and causes of action for injures to health, reputation and person sustained by Young. Defendants' willful, wanton, and malicious conduct to conspire against Young to deprive him of constitutional rights, makes them liable under U.S.C. § 1983. Therefore, Young seeks all relief available at law.

## IX.    COUNT TWO – U.S.C 42 §§ 1983 AND 1988/MONNELL POLICY CLAIM
### (CITY OF IRVING)

44.    Plaintiff re-alleges paragraphs 1-44 of the Complaint.

45.    The actions of Defendants, which lead to the deprivation of Young's rights, privileges, and liberties causing injury to his person, health, and reputation, were done pursuant

to one or more interrelated *de facto* as well as explicit policies, practices, and customs of the Defendant, City and Chief policymaker acting as agents/officials.

46.    The City, acting at the level of official policy, practice, and custom, with callous, conscious, unreasonable, and deliberate indifference to Young's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct described. At all times material to this Complaint, the City of Irving, IPD, and its chief policymaker ratified interrelated formal policies and *de facto* customs, practices, and policies:

(a)    IPD's "statutory warning policy" – as mentioned above, Landry, Hammett, and John/Jane Does conspired to deprive Young of constitutional rights when they were seen on police video discussing a way to "make" Young participate in an unlawful blood draw. Police video documents that at no time during the unlawful traffic stop did Sgt. Landry ask Young if he had been drinking or participate in any FST. Nonetheless, Defendants conspired to falsify sworn documents about Young's driving behavior. Additionally, Defendants used this official policy to unlawfully transport Young to a hospital to obtain blood samples. Defendants falsified the documents by stating that Young refused to participate, even though Young was never asked. Defendants then fabricated sworn documents to exploit the ratified policy.[25]

(b)    Chief policymaker's failure to train/supervise – As mentioned above, Sgt. Landy blatantly misrepresented the transportation code. This failure to train/supervise was ratified by the Chief of police. Sgt. Landry was promoted to sergeant in March 2021, only three months before engaging in the aforementioned unconstitutional acts.[26] The Chief policymaker is responsible for hiring competent, ethical staff who engage directly with the citizenry.

(c)    IPD's departmental policy permits/ratifies the manipulation of police video footage. Sgt. Jo Phillips of IPD internal Affairs informed Young that there are many reasons an officer may not provide accurate/timely video footage. This formal policy, ratified by IPD and Internal Affairs, permits disintegrations officers, like the Defendants to falsify and destroy exculpatory evidence and deprive citizens of Constitutional Rights.[27]

---

[25] *See Exhibit E – Falsified police documents related to DWI charges.*
[26] *See Exhibit F – Chief of Police promoting Landry to Sergeant*
[27] *See Exhibit F – Email from Internal Affairs*

PLAINTIFF'S ORIGINAL COMPLAINT

15

(d)    The Magistrate Judge ratified the Defendants' fabrications by approving an arrest warrant for probable cause of DWI suspicion, even though Defendants failed to provide evidence of such violations.

(e)    IPD permits customary practices of low-level officers who assault, wrongfully arrest, and beat free citizens. This wonton disregard for the citizenry is so pervasive that the City and its Chief policymakers recklessly disregard the disenfranchisement of the citizenry without question. Police video shows the mob of officers sneaking up being Young to attack him without notice, cause, or warning. Officers immediately assaulted Young without employing any sensible training/communication with Young. Not one officer on the scene thought the customary practice was unacceptable, even though it was unconstitutional.

47.    All of the policies set forth above have been ratified, adopted, implemented, supplemented, reinforced, and effected by the City via IPD and its Chief policymakers as a further matter of custom, practice, and policy. The aforementioned policies/procedures/practices were the driving forces in Young's deprivation of civil rights and liberties. The City's failure, via IPD, to hire, train, supervise, and discipline effectively promotes and ratified Young's injuries to his person, health, and reputation.

48.    Further, the constitutional violations and damages Young suffered as described above were directly and proximately caused by the official/unofficial; express/implicit and otherwise unconstitutional authorizations of the City, via IPD, and its Chief policymakers.

49.    The foregoing policies, practices, and customs maintained by Defendant City of Irving violated Young's constitutional rights.

[SIGNATURE PAGE FOLLOWS]

**WHEREFORE**, PLAINTIFF requests judgment as follows:

A.      A monetary judgement awarding Plaintiff actual damages for his injuries to person, health, mental faculties, professional injuries, and reputation.

B.      An award of punitive damages against Defendants Landry, Hammett, and John/Jane Does

C.      An award of all court/legal costs

D.      Pre- and post- judgement interest and

E.      Such other further relief to which Plaintiff is justly entitled.

Dated: 06.19.2023

Dallas, TX

Respectfully submitted,

By: _____

DeRonnius R. Young, *Pro se* Litigant

4800 W Lovers Lane (#406)

Dallas, TX 75209

662.518.1784

dryoung@smu.edu

PLAINTIFF'S ORIGINAL COMPLAINT

**VERIFICATION**

STATE OF Texas                    )

                                  ) ss.:

COUNTY OF Dallas                  )


DeRonnius R. Young, being duly sworn, deposes and says that I am the PLAINTIFF in the case captioned and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on Exhibits provided and I believe them to be true.

_____
DERONNIUS R. YOUNG, PLAINTIFF


Sworn to me this 26th day of June 2023

_____

Notary Public


Respectfully submitted,

By: _____
DeRonnius R. Young, *Pro se* Litigant
4800 W Lovers Lane (#406)
Dallas, TX 75209

662.518.1784
dryoung@smu.edu

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | |
|---|---|
| DERONNIUS R. YOUNG | ) |
| | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | ) |
| CTY OF IRVING, SGT. A. LANDRY, A. HAMMETT, | ) |
| JOHN/JANE DOES | ) |
| _Defendant_ | ) |

Civil Action No.

3- 23 CV 1423 - D

**SUMMONS IN A CIVIL ACTION**

To: _(Defendant's name and address)_   The City of Irving

The City of Irving may be served with citation herein by and through its agent of service of process, City Manager Chris Hillman, at City of Irving located at 825 W Irving BLVD Irving, TX 75060.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DeRonnius R. Young

4800 W Lovers Lane #406
Dallas, Tx 75209

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____06/26/2023_____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | |
|---|---|
| DERONNIUS R. YOUNG | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| CTY OF IRVING, SGT. A. LANDRY, A. HAMMETT, JOHN/JANE DOES | ) |
| *Defendant* | ) |

Civil Action No.

3-23CV1423-D

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Sgt. Adam Landry

Irving Police Dept.
located at 825 W Irving BLVD Irving, TX 75060.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DeRonnius R. Young

4800 W Lovers Lane #406
Dallas, Tx 75209

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:        06/26/2023

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | |
|---|---|
| DERONNIUS R. YOUNG | ) |
| | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | )  Civil Action No. |
| CTY OF IRVING, SGT. A. LANDRY, A. HAMMETT, | ) |
| JOHN/JANE DOES | )   3- 23 C V 1 4 2 3 - D |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Officer Andrew Hammett

Irving Police Dept.
located at 825 W Irving BLVD Irving, TX 75060.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   DeRonnius R. Young

4800 W Lovers Lane #406
Dallas, Tx 75209

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____06/26/2023_____          _____
                                          _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| DERONNIUS R. YOUNG | ) |
| | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| CTY OF IRVING, SGT. A. LANDRY, A. HAMMETT, | ) $3 - 23CV1423 - D$ |
| JOHN/JANE DOES | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  John/Jane Does

Irving Police Dept.
located at 825 W Irving BLVD Irving, TX 75060.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    DeRonnius R. Young

4800 W Lovers Lane #406
Dallas, Tx 75209

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____06/26/2023_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

3-23CV1423-D

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DeRonnius Young

**DEFENDANTS**

City of Irving, Sgt. Adam Landry, Officer Andrew Hammett, John/Jane Does

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED  JUN 26 2023  MS  CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for:

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C Sections 1983,1985 & 1986

Brief description of cause:
4th Amendment violation (unlawful detention/arrest)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** exceeds $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06.26.2023 | n/a |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____