# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DERONNIUS R. YOUNG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:23-CV-1423-D** |
| **VS.** | § | |
| | § | **ECF** |
| | § | |
| **ADAM LANDRY, ANDREW HAMMET,** | § | |
| **JOHN PHILLIPS,[1] JOHN/JANE** | § | |
| **DOES, and THE CITY OF IRVING** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT CITY OF IRVING'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT THEREOF

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

By: /s/Saul Pedregon_____
**SAUL PEDREGON**
Senior Assistant City Attorney
State Bar No. 00797231
Email: spedregon@cityofirving.org
**JASON D. McCLAIN**
Senior Assistant City Attorney
State Bar No. 00797032
Email: jmcclain@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile: 972.721.2750

---

[1] Plaintiff has identified this defendant as "Jo Phillips." However, his legal name is John Phillips.

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

**ATTORNEYS FOR DEFENDANTS CITY OF IRVING, ADAM LANDRY, ANDREW HAMMETT, and JOHN PHILLIPS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served the foregoing document by mailing a copy to the following:

**Via Certified Mail, RRR No. 7019 2970 0000 6064 4894**
DeRonnius R. Young (pro se)
4800 W Lovers Lane
#406
Ste 406
Dallas , TX 75209

/s/Saul Pedregon_____
**SAUL PEDREGON**
Assistant City Attorney

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF SERVICE

TABLE OF CONTENTS......................................................................................... i

TABLE OF AUTHORITIES ................................................................................. ii

I.    INTRODUCTION AND GROUNDS NECESSITATING DISMISSAL ..........................1

JOHN DOE DEFENDANTS...................................................................3

ADOPTION AND INCORPORATION OF PRIOR FILINGS........................................3

II.   APPLICABLE STANDARD FOR 12(b)(6) DISMISSAL ................................................3

III.  ARGUMENT AND AUTHORITIES....................................................................5

    A.   Plaintiff's Fourth Amendment Claims Should Be Dismissed ...................................6

    B.   Plaintiff Has Not Sufficiently Alleged That Any Violation Of His Constitutional Rights Was Pursuant To An Official City Policy ...............................9

    C.   Plaintiff Has Not Plead Sufficient Facts Regarding City Policymakers' Alleged Deliberate Indifference..............................................................13

    D.   Plaintiff's Claim for Failure to Train Should Be Dismissed ...................................14

    E.   Plaintiff's Claim for Failure to Supervise Should Be Dismissed ...........................22

    F.   Failure to Intervene .................................................................23

    G.   Plaintiff is Barred from Recovering Exemplary Damages .....................................24

IV.   CONCLUSION...........................................................................25

# TABLE OF AUTHORITIES

***Cases***

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009)....................................................................................... 4, 11, 13, 23

*Baker v. Putnal,*
75 F.3d 190, 199 (5th Cir.1996) ............................................................................... 21

*Barrios-Barrios v. Clipps,*
825 F.Supp. 2d 730, 746 (E.D. La. 2011) ................................................................. 19, 20

*Bd. Of Comm'rs of Bryan Cnty. v. Brown* ("Brown"),
520 U.S. 397, 410 (1997)........................................................................................ 15, 16, 20

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 555 (2007)........................................................................................ 4, 7, 11, 23

*Benavides v. County of Wilson,*
955 F.2d 968, 973 (5th Cir. 1992) ............................................................................ 22

*Bennett v. City of Slidell,*
735 F.2d 861 (5th Cir. 1984) .................................................................................... 6, 13, 16

*Blackburn v. City of Marshall,*
42 F.3d 925 at 931 (5th Cir. 1995)........................................................................... 4, 23

*Brown v. Bryan County* ("*Bryan County*"),
219 F.3d 450,459-61 (5th Cir. 2000) ....................................................................... 15, 18

*Brown v. Tarrant County,*
985 F.3d 489, 497 & n. 11 (5th Cir. 2021) .............................................................. 9

*Burge v. St. Tammany Parish,*
336 F.3d 363, 370 (5th Cir. 2003) ............................................................................ 13, 15, 18

*Campbell v. City of San Antonio,*
43 F.3d 973, 977 (5th Cir. 1995) .............................................................................. 16

*Case v. City of New York,*
233 F. Supp. 3d 372, 405-06 (S.D.N.Y. 2017) ........................................................ 12

*City of Canton v. Harris,*
489 U.S. 378, 386-92 (1989) ................................................................................... passim

*City of Newport v. Fact Concerts, Inc.*,
453 U.S. 247, 271 (1981)..................................................................................... 24

*City of St. Louis v. Praprotnik*,
485 U.S. 112, 123 (1988).................................................................................... 7

*Conner v. Travis Cnty.*,
209 F.3d 794, 798 (5th Cir. 2000) ...................................................................... 22

*Connick v. Thompson*,
563 U.S. 51, 61-62 (2011) ................................................................... 17, 19, 20

*Culbertson v. Lykos*,
790 F.3d 608, 625 (5th Cir. 2015) ...................................................................... 14

*Deville v. Marcantel*,
567 F.3d 156, 171 (5th Cir. 2009) ...................................................................... 14

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
406 F.3d 375, 383 (5th Cir. 2005) ............................................................. 6, 12, 13

*Estate of Lance ex rel. Lance v. Lewisville Indep. Sch. Dist.*,
2011 WL 4100960, at *9 (E.D. Tex. Aug. 23, 2011) ........................................... 24

*Eugene v. Alief Ind. Sch. Dist.*,
65 F.3d 1299, 1304 (5th Cir. 1995) ...................................................................... 8

*Fernandez- Montes v. Allied Pilots Ass'n*,
987 F.2d 278, 284 (5th Cir. 1993) ........................................................................ 4

*Fraire v. City of Arlington*,
957 F.2d 1268, 1278 (5th Cir. 1992) .................................................................. 16

*Fuentes v. Nueces County*,
689 F. App'x 775, 778 (5th Cir. 2017)................................................................. 17

*Gonzales v. Westbrook*,
118 F.Supp.2d 728, 737 (W.D. Tex. 2000).......................................................... 21

*Goodman v. Harris Cnty.*,
571 F.3d 388 (5th Cir.2009) ........................................................................ 14, 22

*Groden v. City of Dallas*,
826 F.3d 280, 283-85 (5th Cir. 2016) ................................................................... 5

*Gros v. City of Grand Prairie*,
181 F.3d 613, 615 (5th Cir. 1999) ........................................................................ 7

*Hobart v. City of Stafford*,
916 F.Supp.2d 783, 799 (S.D. Texas - Houston 2013) ....................................................... 24

*Huong v. City of Port Arthur*,
961 F.Supp. 1003, 1007 (E.D. Tex. 1997) ......................................................................... 21

*Hutcheson v. Dallas County*,
994 F.3d 477, 483 (5th Cir. 2021) ...................................................................................... 9

*Jackson v. Procunier*,
789 F.2d 307, 309 (5th Cir. 1986) ...................................................................................... 3

*Jacobsen v. Osborne*,
133 F.3d 315, 319-321 (5th Cir. 1998) .............................................................................. 3

*James v. Harris County*,
577 F.3d 612, 617 (5th Cir. 2009) .................................................................................... 10

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045, 1050 (5th Cir. 1982) .................................................................................. 4

*Keane v. Fox TV Stations, Inc.*,
297 F. Supp. 2d 921 at 925 (S.D. Tex. 2004) .............................................................. 4, 23

*Kjellvander v. Citicorp.*,
156 F.R.D. 138 (S.D. Tex. 1994) ....................................................................................... 5

*Littell v. Hous. Indep. Sch. Dist.*,
894 F.3d 616, 622-23 (5th Cir. 2018) ............................................................................ 5, 18

*Livingston v. Desoto Indep. Sch. Dist.*,
2004 WL 2964977, at *2 (N.D. Tex. Dec. 15, 2004) ...................................................... 24

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,
369 F.3d 464, 467 (5th Cir. 2004) ...................................................................................... 3

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658, 690 (1978) ....................................................................................... 5, 7, 9, 23

*Oporto v. City of El Paso, Tex.*,
No. EP-10-CV-110-KC, 2012 WL 2191697, at *10 fn. 1 (W.D. Tex. June 14, 2012) ............ 24

*Pagan-Negron v. Seguin Indep. Sch. Dist.*,
974 F. Supp. 2d 1020, 1032 (W.D. Tex. 2013) ................................................................ 16

*Papasan v. Allain*,
478 U.S. 265, 286 (1986) .................................................................................................... 4

*Peña v. City of Rio Grande*,
879 F.3d 613, 621 (5th Cir. 2018) .................................................................. 5, 10, 13

*Peterson v. City of Fort Worth*,
588 F.3d 838, 847 (5th Cir. 2009) ................................................................... 6, 9, 16

*Pineda v. City of Houston*,
291 F.3d 325, 328 (5th Cir. 2002) ....................................................................... 9, 17

*Pinedo v. City of Dallas*,
No. 3:14-cv-958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) ............................. 10

*Piotrowski v. City of Houston*,
237 F.3d 567, 578 (5th Cir. 2001) ...................................................................... passim

*Ratliff v. Aransas County*,
948 F.3d 281, 285 (5th Cir. 2020), cert. denied,
141 S. Ct. 376, 208 L. Ed. 2d 97 (2020) .................................................................. 21

*Sanchez v. Young County*,
956 F.3d 785, 791 (5th Cir. 2020) ......................................................................... 9

*Skyy v. City of Arlington*,
712 F. App'x 396, 401 (5th Cir. 2017) ..................................................................... 24

*Smith v. Brenoettsy*,
158 F.3d 908, 911-912 (5th Cir. 1998) ..................................................................... 22

*Snyder v. Trepagnier*,
142 F.3d 791, 796 (5th Cir. 1998) ......................................................................... 14

*Spiller v. City of Tex. City, Police Dep't*,
130 F.3d 162, 167 (5th Cir. 1997) ......................................................................... 10

*Tennessee v. Garner*,
471 U.S. 1 [105 S.Ct. 1694, 85 L.Ed.2d 1] (1985) .......................................................... 18

*Tuchman v. DSC Comms. Corp.*,
14 F.3d 1061, 1067 (5th Cir. 1994) ...................................................................... 4, 23

*Valle v. City of Houston*,
613 F.3d 536, 542 (5th Cir. 2010) ......................................................................... 20

*Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*,
495 F.3d 191, 205 (5th Cir. 2007) ......................................................................... 3, 5

*Webster v. City of Houston*,
735 F.2d 838, 841 (5th Cir. 1984) ..................................................................... 6, 10, 12

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

*Whitt v. Stephens County,*
  529 F.3d 278, 282-83 (5th Cir. 2008) ...................................................................... 3

*Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010) ............................. 6, 9, 22

***Statutes***

42 U.S.C. § 1983 ...................................................................................................... 5, 7

FED. R. CIV. P. 12(b)(6) ............................................................................................ 3

***Other Authorities***

HOME RULE CHARTER OF THE CITY OF IRVING, TEXAS ............................................. 7, 11

<u>**DEFENDANT CITY OF IRVING'S RULE 12(b)(6) MOTION TO DISMISS**</u>
<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT, AND BRIEF IN SUPPORT THEREOF**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Irving, Texas ("City") submits its Rule 12(b)(6) Motion to Dismiss and Brief in Support Thereof in response to Plaintiff's Original Complaint (Dkt. 3).

## I. INTRODUCTION AND GROUNDS NECESSITATING DISMISSAL

This case arises out of a traffic stop in which Plaintiff was stopped for a violation of the Texas Transportation Code for honking his vehicle's horn for a purpose other than safe operation of his car, which ultimately ended in his arrest for Failure to Identify, Resisting Arrest, and Driving While Intoxicated. Plaintiff admits that he engaged in the conduct which precipitated the traffic stop, but nonetheless files this lawsuit alleging numerous claims against Irving Police Officer Adam Landry (the officer who stopped and ultimately arrested Plaintiff), Irving Police Officer Andrew Hammett (the officer who provided backup to Officer Landry), and John Phillips (the officer who investigated the Internal Affairs complaint that Plaintiff filed with the Irving Police Department). Finally, Plaintiff also sued the City of Irving, the entity which employed each of the individual defendants. With regards to the City, Plaintiff asserts the following causes of action:

**COUNT II**
**| 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR RELIANCE ON FALSE STATEMENTS AND MATERIAL OMISSIONS IN AN APPLICATION FOR A WARRANT TO FORCIBLY EXTRACT AND EXAMINE MR. YOUNG'S BLOOD IN VIOLATION OF THE FOURTH AMENDMENT (Dkt. 37, p. 6)**

**COUNT III**
**| 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR RELIANCE ON FALSE STATEMENTS AND MATERIAL OMISSIONS IN A PROBABLE CAUSE AFFIDAVIT TO ERRONEOUSLY ARREST MR. YOUNG**

**COUNT VI**
**| 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR FAILURE TO INTERVENE**

**COUNT VII**
**| 42 U.S.C. §§ 1983 & 1988 | AGAINST THE CTY OF IRVING | FOR FAILURE TO INTERVENE, SUPERVISE, MANAGE, AND DELIBERATE INDIFFERENCE | MONNELL LIABILITY**

(Dkt. 37, p. 6).

In Plaintiff's Amended Complaint, which is the live pleading in this case, Plaintiff asserts that the Defendant City is liable because it "knowingly, intentionally, and purposely acted with deliberate indifference in violation of Mr. Young's constitutional rights by intentionally evading liability and protecting its agents who commit misconduct, through its organizational structure " (Dkt. 37, ¶ 231), and "ratified Defendant officers' misconduct when it acted as the final decision-maker with policy-maker power to (1) initiate criminal charges, (2) approve warrants, and (3) reject Mr. Young's complaint, while acting as the supervising organization for IPD and Irving Internal Affairs business processes" (*Id*. at ¶ 232).

Defendant City first moves for judgment on the grounds that Plaintiff has failed to establish an underlying constitutional violation. Defendant City also moves for judgment on the grounds that Plaintiff has not plead and cannot establish evidence of any City policy or custom promulgated or adopted by the City's policymakers that caused ("were the moving forces behind") Plaintiff's alleged injuries. Further, Defendant City moves for judgment on the grounds that Plaintiff cannot show that any of the City's training procedures were inadequate, that the City's policymakers were deliberately indifferent in adopting a training policy, or that any City policy directly caused Plaintiff's alleged injuries. Likewise, Plaintiff cannot show that the polices regarding supervision, training and treatment of persons was so constitutionally lacking that it constituted a deliberate disregard to Plaintiff's constitutional rights.

As an initial matter, the caption (Doc. 37, p. 1) and the "Parties" section (*Id.* at ¶ 30) of the Amended Complaint includes a reference to John and Jane Doe defendants. Plaintiff has not named or served any such John/Jane Does. See *Id.* Because limitations on any such claim with an incident date of June 25, 2021, would have long since run, the Complaint fails to state a claim upon which relief can be granted. See *Jacobsen v. Osborne*, 133 F.3d 315, 319-321 (5th Cir. 1998) (use of a John Doe moniker does not constitute a mistake; thus, relation back doctrine under Rule 15(c) does not apply); *Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (holding that limitations period for a section 1983 action brought in Texas is two years).

**ADOPTION AND INCORPORATION OF PRIOR FILINGS**

As authorized by FED. R. CIV. P. 10(c), Defendants hereby adopt, incorporate by reference and reiterate the issues, arguments, and authorities asserted within their previously filed Motion to Dismiss, including all exhibits and attachments. (Dkt. 19).

## II.     APPLICABLE STANDARD FOR 12(b)(6) DISMISSAL

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant City asserts that Plaintiff has failed to state a claim upon which relief may be granted and seeks dismissal of Plaintiff's claims against it. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). The allegations contained in the complaint are to be construed in the plaintiff's favor and all well-pleaded facts are to be accepted as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory allegations and legal conclusions couched as factual

allegations are not to be accorded a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (emphasizing that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("Although we must accept as true the wellpleaded allegations of a complaint ... we do not accept as true conclusory allegations in the complaint"); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (legal conclusions masquerading as factual assertions are insufficient to prevent dismissal for failure to state a claim). While the complaint need not contain "detailed factual allegations," the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To avoid dismissal, a plaintiff must allege all the proper elements of a right to recover from a defendant. *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The court should dismiss a complaint if it lacks an allegation regarding one of the required elements of a cause of action. *See Keane v. Fox TV Stations, Inc.*, 297 F. Supp. 2d 921 at 925 (S.D. Tex. 2004) (citing *Blackburn v. City of Marshall*, 42 F.3d 925 at 931 (5th Cir. 1995)). Additionally, FED. R. CIV. P. 8 demands more than unadorned, "the-defendant-unlawfully-harmed-me" accusations and is not met by a complaint that includes nothing more than conclusions. *Iqbal*,

566 U.S. at 678.[2] The pleadings must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 570; *see also Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007).

## III. ARGUMENT AND AUTHORITIES

Plaintiff seeks to hold the City liable under 42 U.S.C. § 1983, which makes liable "[e]very person" who, under color of state law, violates federal constitutional rights. For this purpose, municipal entities like the City qualify as "persons." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978). But the City "cannot be held liable under § 1983 on a respondeat superior theory." *Id*. Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted)). Rather, to hold the City liable under § 1983 a plaintiff must establish that an "official policy" of the City itself - and not the policy of an individual city official - was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm. *Id*.

Thus, to state a § 1983 claim against the City, the Complaint must allege sufficient facts to permit the reasonable inference 1) that a constitutional violation occurred, and 2) an "official policy" attributable to the City's policymakers that 3) "was the moving force" behind it. *Littell v. Hous. Indep. Sch. Dist*., 894 F.3d 616, 622-23 (5th Cir. 2018); *see Peña v. City of Rio Grande*, 879 F.3d 613, 621 (5th Cir. 2018).

---

[2] Plaintiff has previously represented to this Court that he received a degree in Criminology in 2014. (Dkt. 3, ¶ 22). Plaintiff has further represented to this Court that he graduated from law school in May 2023, and that he was to sit for the Bar Exam in July 2023. (Dkt. 4, ¶ 11). As such, Plaintiff is not a typical pro se that is unfamiliar with the legal requirements of filing a complaint in federal court.

In the absence of proof that a deprivation was caused by an officially promulgated municipal policy, a plaintiff may establish municipal liability through proof that a deprivation was caused by a custom, that is, a practice that is so widespread as to have the force of law. *Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Isolated incidents do not establish the type of persistent, often repeated, constant violations that constitute the custom required for municipal liability under Section 1983. *Id*. at 581 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)); *see also Zarnow v. City of Wichita Falls Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (a custom "consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the conduct").

In order to impose municipal liability under Section 1983 based on a custom or practice, a plaintiff must demonstrate "a pattern of abuses that transcends the error made in a single case." *Piotrowski*, 237 F.3d at 582 (citations omitted); *see also Zarnow*, 614 F.3d at 169; *Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009). Prior incidents used to establish a pattern must have occurred for so long or so frequently that the course of conduct warrants attribution to the municipality of knowledge that the objectionable conduct is the expected, accepted practice of its employees. *Peterson*, 588 F.3d at 850-51. Additionally, a pattern requires similarity and specificity, and prior incidents cannot simply include any and all bad or unwise acts, but rather they must point to the specific violation in question. *Id*. at 851 (citing *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

A.    **Plaintiff's Constitutional Claims Should Be Dismissed**

Plaintiff claims that City police officers violated rights when they allegedly arrested him without probable cause, retaliated against him for exercising his First Amendment rights, and

maliciously prosecuted him (*see, generally*, Dkt. 37). Plaintiff's claim of a constitutional violation should be dismissed because Plaintiff has failed to plead sufficient facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Plaintiff has not pled sufficient facts to establish either a constitutional violation by the City or a policy, custom, or practice of the City that was the moving force of a constitutional violation. *Monell*, 436 U.S. at 694; *Piotrowski*, 237 F.3d at 578.

### 1. Plaintiff Cannot Demonstrate Involvement by a Final Policymaker

Identification of a final policymaker for Defendant City is necessary for a proper analysis of a Section 1983 cause of action. In this case, Plaintiff asserts that the following act as the policymaker for the City of Irving: 1) the City of Irving, thru its officers. (Dkt. 37, ¶ 204), 2) the City of Irving's Officers (*Id*. at ¶ 207), and 3) the City of Irving as the final decision-maker with policy-maker power (*Id*. at ¶ 232). Plaintiff has failed to identify who these "officers" are.

Regardless, for purposes of Defendant City, the designation of "final policymaker" is reserved solely for the City Council. HOME RULE CHARTER OF THE CITY OF IRVING, TEXAS, Art. IV, Sec. 13.[3] In their previously filed Motion to Dismiss, Defendants demonstrated that the Council was the final policymaker for the City. (Dkt. 19). In its Order dated September 12, 2024, this Court concurred and determined that the Council was the City's final policymaker (Dkt. 34 p. 30, Sect. V(B)(1)).

"[O]nly those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion); *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999).

---

[3] https://library.municode.com/tx/irving/codes/code_of_ordinances?nodeId=PTITHCH_ARTIVOFEL_S13DUCOGE

Accordingly, to the extent Plaintiff attempts to predicate liability against the City without establishing deliberate indifference by an official with final policymaking authority, said attempt is misplaced. Defendant City's final policymakers – its City Council - had no involvement in the alleged constitutional violations or any involvement in the circumstances surrounding the incident made the basis of this suit. Plaintiff certainly cannot predicate liability based upon his assertion that unspecified "officers" of the City and the City of an Irving as an entity are the policymaker for the City of Irving. This would effectively create a respondeat superior situation.

Any attempt by Plaintiff to rely upon the alleged actions or decisions of any City employee to impose liability upon the City is misplaced. The actions of a City employee cannot impose such liability since those persons are not officials possessing final policymaking authority.

Only deliberate indifference of a person with final policymaking authority can support the imposition of liability upon the City. *See Eugene v. Alief Ind. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). There is no evidence in the record that deliberate indifference existed on the part of any policymaking official of the City which was in any way related to the arrest. Rather, assuming the veracity of Plaintiff's allegations, all actions of which Plaintiff complains were taken by City employees with no final policymaking authority. Dismissal in favor of the City is, therefore, appropriate.

### 2. Plaintiff Has Not Pled Facts Sufficient to Establish a Constitutional Violation

Defendants Landry, Hammett, and Phillips have moved this Court to dismiss Plaintiff's false arrest, malicious prosecution, First Amendment retaliation, and conspiracy claims against them as discussed more fully in DEFENDANTS ADAM LANDRY, ANDREW HAMMETT, AND JOHN PHILLIPS' RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND

BRIEF IN SUPPORT THEREOF, the contents of which Defendant City incorporates herein pursuant to the provisions of Rule 10 of the Federal Rules of Civil Procedure. For the reasons discussed therein, Plaintiff has failed to establish a constitutional violation. Plaintiff, therefore, does not state a plausible claim for relief based on an alleged constitutional violation. As such, the Court should dismiss this claim.

**B.      Plaintiff Has Not Sufficiently Alleged That Any Violation of His Constitutional Rights Was Pursuant to an Official City Policy**

At the pleading stage, a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694); *see also Hutcheson v. Dallas County*, 994 F.3d 477, 483 (5th Cir. 2021) (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation). Thus, even if Plaintiff has alleged plausible constitutional violations, which the City does not concede, Plaintiff survives the City's motion to dismiss his *Monell* claims only:

> "by identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)."

*Hutcheson*, 994 F.3d at 482; *see also Brown v. Tarrant County*, 985 F.3d 489, 497 & n. 11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs") (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

As to alleging an official policy, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña*, 879 F.3d at 622 (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (footnote omitted). And "'[t]o establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" *Pinedo v. City of Dallas*, No. 3:14-cv-958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) (quoting *Piotrowski*, 237 F.3d at 582); *see also James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) ("Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" (quoting *Piotrowski*, 237 F.3d at 579 (quoting, in turn, *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc))).

Plaintiff has not directed the Court's attention to any specific City policy which caused the alleged constitutional deprivation.  Rather, Plaintiff generally refers to the following:

1) Phillips told Plaintiff IPD department policy permits omission of video evidence (Dkt. 37, p. 3 n. 2)[4],
2) the City of Irving perpetually fails to intervene by intentionally establishing/maintaining a form of government that was historically designed to evade institutional liability (*Id*. at ¶ 220),
3) the City's charter practically guarantees that it will not be held accountable for the misconduct of its agents, while retaining full power and control over its internal investigation processes to vindicate subordinates who commit constitutional injury (*Id*. at ¶ 224),

---

[4] Presumably, this refers to the Phillips' email response to Plaintiff wherein Phillips states that "[r]egarding the dashcam videos, there are a variety of reasons why all events including and leading up to enforcement activities might not be video recorded." (Dkt. 37, p. 25 Ex. 13). There are no further references to a policy allegedly permitting omission of video evidence. If this is the "policy" to which Plaintiff refers, it is a mischaracterization of Phillips' email.

4) the city charter is the 'official policy' that demonstrates a 'deliberate indifference' to individual rights by effectively shielding itself and its subordinates from liability when they cause constitutional injury (*Id*. at ¶ 228),
5) the City of Irving's charter, along with state law, protects it from liability (*Id*. at ¶ 230), and
6) the City's charter is the official policy that permits the wide-spread custom of falsified probable cause applications, investigation reports, and DNA extractions. (*Id*. at ¶ 235)

Plaintiff is arguing that the City's Charter, along with unspecified state law, is the policy that caused constitutional injury. *Id*. The Charter is a voluminous document that consists of 11 Articles with multiple subparts.[5]

Plaintiff has failed to direct the Court's attention to any specific provision of the Charter, instead referring to the document as a whole. Moreover, Plaintiff appears to take issue with the Charter as a whole and the organizational structure of the City created by the Charter, rather than any specific policy promulgated by the City. These conclusory allegations do not state any official City policy, and Plaintiff's assertions are insufficient to identify a specific City policy that allegedly caused the constitutional deprivations.

Plaintiff's conclusory allegations are also insufficient to demonstrate that the City Council, the only policymaker for the City of Irving, ratified and condoned these alleged policies. A sufficient complaint must contain enough "factual content" to make deliberate indifference by official policymakers not merely conceivable, but plausible under the facts as alleged. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Also problematic for Plaintiff is that he fails to identify any written policy he finds unconstitutional. Therefore, absent a facially unconstitutional policy or custom, municipal

---

[5] https://ecode360.com/45598559#45598559

liability under § 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579.

Insofar as Plaintiff pleads an official policy by alleging a widespread practice that equates to a custom, he has not plausibly alleged the policy prong because he has failed to identify any similar incidents of alleged constitutional deprivations. As the Fifth Circuit has instructed:

> "[i]f actions of city employees are to be used to prove a custom for which the municipality is liable, those actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."

*Webster*, 735 F.2d at 842.

Further, merely pointing even to some prior unconstitutional act is not sufficient. Plaintiff needs more:

> "[and p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of similar violations is required. While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired ...."

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (footnotes omitted); *see, e.g., Case v. City of New York*, 233 F. Supp. 3d 372, 405-06 (S.D.N.Y. 2017) ("Plaintiffs adequately state a *Monell* claim based on the City's failure to train. Plaintiffs point to a number of cases spanning the period from 2000 to 2012 that demonstrate 'a pattern and practice of constitutional abuse' involving the use of mass arrest policies and practices similar to the ones that led to their constitutional deprivations." (citations omitted)). Therefore, Plaintiff has plead no custom of constitutional violations.

**C.      Plaintiff Has Not Plead Sufficient Facts Regarding City Policymakers' Alleged Deliberate Indifference**

Even assuming, *arguendo*, that Plaintiff had plead facts sufficient to permit a reasonable inference of the existence of a City custom based on the alleged misconduct identified in the Complaint, Plaintiff nevertheless has failed to plead facts from which the Court can draw the reasonable inference that the City's final policymaker was deliberately indifferent to a known or obvious risk that the alleged customs would result in deprivations of the constitutional rights alleged. A city cannot be liable for an unwritten custom unless "[a]ctual or constructive knowledge of such custom" is attributable to a city policymaker. *Peña*, 879 F.3d at 623. Thus, knowledge on the part of a policymaker that a constitutional violation will most likely result from a given policy or custom is an essential condition underlying section 1983 municipal liability. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). Plaintiff therefore must demonstrate either actual or constructive knowledge of the custom, which is attributable either to the governing body of the municipality or to an official who has been designated as a policymaker. *Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir. 1984). "Deliberate indifference of this sort is a stringent test, and a showing of simple or even heightened negligence will not suffice to prove municipal culpability." *Id.* "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 383 (internal quotation marks and citations omitted)). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *Iqbal*, 556 U.S. at 678.

Here, Plaintiff has plead no facts from which this Court can infer the City's policymakers acted with deliberate indifference to any violations similar to what Plaintiff alleges. Again,

Plaintiff identifies no known acts prior to the events giving rise to Plaintiff's claims, much less any pattern of acts directly similar to the events at issue here. Therefore, Plaintiff's conclusory, "bare bones" allegations fail to plead facts from which this Court can infer the City's policymakers acted with deliberate indifference to Plaintiff's constitutional rights.

**D.      Plaintiff's Claims for Failure to Train Should Be Dismissed**

The Supreme Court established in *Canton* the method of proving municipal liability based on a "policy" of inadequate training or a failure-to-train theory. *City of Canton v. Harris*, 489 U.S. 378, 386-92 (1989). Under *Canton*, when a municipal entity fails to train its employees to act in a constitutional manner, that failure constitutes "official policy" that can support municipal liability if it "amounts to deliberate indifference" to the rights of persons with whom the public official will come into contact. *Id*. at 388; *Culbertson v. Lykos*, 790 F.3d 608, 625 (5th Cir. 2015). Likewise, a claim based upon a municipality's failure to supervise or discipline a public official requires the same showing of a policymaker's deliberate indifference to the constitutional rights of citizens. *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009) (citing *Piotrowski*, 237 F.3d at 581). To plead a *Monell* claim based upon alleged City customs of deficient training and supervision, a plaintiff must plead facts supporting deliberate indifference by the City's final policymakers to a specific inadequacy in the City's training, supervision, or discipline of its officers.

Deliberate indifference is a stringent standard denoting a high degree of culpability by the municipality, and a plaintiff bears the burden of establishing deliberate indifference. *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998); *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). To prove deliberate indifference, a plaintiff must show that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious,

and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390 (emphasis added). The "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. Of Comm'rs of Bryan Cnty. v. Brown* ("*Brown*"), 520 U.S. 397, 410 (1997). A less-than-stringent standard of fault for a failure-to-train claim "would result in *de facto respondeat superior* liability on municipalities ..." *Canton*, 489 U.S., at 392.

*Canton* and Fifth Circuit jurisprudence envision two means of proving deliberate indifference: First, municipal employees can violate constitutional rights "so often" that the factfinder can infer from the pattern of violations that "the need for further training must have been plainly obvious to the ... policymakers." *Canton*, 489 U.S. at 390 n.10; *Burge*, 336 F.3d at 369. This "proof-by-pattern" method is "ordinarily necessary." *Brown*, 520 U.S. at 409.

Second, even absent proof of pattern, deliberate indifference can still be inferred if the factfinder determines that the risk of constitutional violations was or should have been an "obvious" or "highly predictable consequence" of the alleged training inadequacy. *Id*. (construing *Canton*, 489 U.S. at 390 & n.10); accord *Brown v. Bryan County* ("*Bryan County*"), 219 F.3d 450,459-61 (5th Cir. 2000). This has been called the "single-incident exception" in the Fifth Circuit. *Burge*, 336 F.3d at 372-73.

Here, Plaintiff's Complaint fails to plead facts sufficient to meet either means of pleading deliberate indifference. Plaintiff offers no allegations sufficient to establish that a policymaker at the City was on notice that the City's training for its police officers was inadequate but that the policymaker chose to retain the inadequate training program.

**1. Plaintiff Wholly Fails to Allege Any Pattern of Constitutional Violations**

First, Plaintiff fails to allege facts that show or facts from which the Court could reasonably infer a pattern of similar constitutional violations. A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference. *Brown*, 520 U.S. at 409. "A pattern is tantamount to official policy when it is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id*. (quotation marks and citation removed.) Where a plaintiff relies on prior incidents to prove a pattern, "they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the [municipality] that the objectionable conduct is the expected, accepted practice of [municipality] employees." *Id*.; *Pagan-Negron v. Seguin Indep. Sch. Dist.*, 974 F. Supp. 2d 1020, 1032 (W.D. Tex. 2013) ("Where the liability is based on informal custom, the practice must be so widespread as to have the force of law."). The pattern of abuses must "transcend [] the error made in a single case." *Peterson*, 588 F.3d at 851. A pattern requires "sufficiently numerous prior incidents," as opposed to "isolated instances." *Id*. Plaintiff's own single incident is insufficient to give rise to a custom. See, e.g., *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("isolated violations are not the persistent, often repeated constant violations that constitute custom and policy"); *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (same); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (rejecting the plaintiffs' allegations of the existence of a municipal custom because the plaintiffs "describe[d] only this single incident in which [officer] Vidal was mistaken in his identification.");

This is a high bar. *See id* (noting that twenty-seven incidents of excessive force over a period of four years did not "reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the city liable for the acts of its employees' unconstitutional

conduct."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding that eleven incidents of warrantless entry did not support a pattern of unconstitutional warrantless entry); *see also Fuentes v. Nueces County*, 689 F. App'x 775, 778 (5th Cir. 2017) ("Although there is no rigid rule regarding numerosity, [the Fifth Circuit has found] that 27 prior incidents of excessive force over a three-year period ... and 11 incidents offering 'unequivocal evidence' of unconstitutional searches over a three-year period ... were not sufficiently numerous to constitute a pattern").

In his Amended Complaint, Plaintiff asserts that "'[a] pattern [of failure to discipline] can evidence not only the existence of a policy but also deliberate indifference.' For instance, from 2016-2021, the City of Irving's police accountability rates decreased, even though they were already exceptionally low, from 46% to 38%.131 In 2021, only 20% of all complaints against officers were sustained." (Dkt. 37, ¶ 222). Plaintiff's allegations as to these instances are insufficient to meet the similarity requirements and do not establish a relevant pattern or practice. Plaintiff cites aggregate statistics with no context or explanation of the similarities to this case (*Id.*). Reciting legal conclusions without reference to incidents of the same or similar nature is insufficient, and Plaintiff fails to meet his burden.

Plaintiff has not directed the Court's attention to any prior incidents that are sufficiently similar to his own; this is not sufficient to allege a pattern. As the Supreme Court has found, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). Therefore, Plaintiff's Complaint does not even remotely allege facts sufficient to establish the ordinarily necessary "proof-by-pattern" to support his claim against the City.

## 2. Plaintiff Cannot Show a Single Incident With the Obvious Potential for a Violation of Constitutional Rights

Second, absent proof of pattern, deliberate indifference can still be inferred if the factfinder determines that the risk of constitutional violations was or should have been an "obvious" or "highly predictable consequence" of the alleged training inadequacy. *Bryan County*, 219 F.3d at 459-61; *Burge*, 336 F.3d at 373 ("[I]n a limited set of cases, a plaintiff, unable to show a pattern of constitutional violations, may establish deliberate indifference by showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights," such that "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train.") (citation omitted) (quotation marks omitted). The Supreme Court explained as much in *Canton*, by way of hypothetical:

> "[C]ity policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons. The city has armed its officers with firearms, in part to allow them to accomplish this task. Thus, the need to train officers in the constitutional limitations on the use of deadly force, *see Tennessee v. Garner*, 471 U.S. 1 [105 S.Ct. 1694, 85 L.Ed.2d 1] (1985), can be said to be 'so obvious[ ]' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights."

*Canton*, 489 U.S. at 390 n.10.

As the Fifth Circuit has noted, "[w]ithout a pattern of constitutional violations, deliberate indifference can be inferred only in narrow and extreme circumstances like those of *Canton's* hypothetical. And in the thirty years since *Canton* issued, actual cases reaching those extremes have proved fortunately rare." *Littell*, 894 F.3d at 627 (emphasis in original). Indeed, the *Littell* court noted that, prior to its decision in that case to find such a narrow and extreme set of allegations at the pleadings stage, only one plaintiff in the "single incident" case scenario has ever prevailed in the Fifth Circuit. *Id.* at n.6.

In this matter, Plaintiff has failed to allege any specific shortcoming in the City's training and supervision of its police officers. Rather, there are 5 perfunctory references to inadequate training or supervision without any factual specificity:

1. | 42 U.S.C. §§ 1983 & 1988 | AGAINST THE CTY OF IRVING | FOR FAILURE TO INTERVENE, SUPERVISE, MANAGE, AND DELIBERATE INDIFFERENCE | MONNELL LIABILITY" (Dkt. 37, p. 6 Count VII);
2. "The Cty of Irving Failed to Intervene, Train, Respond, & Failed to Manage its Organizational Policies, Which Caused Mr. Young Constitutional Deprivation" (*Id*. at p. 49 at VIII);
3. Defendant City also ratified Defendant officers' misconduct when it acted as the final decision-maker with policy-maker power to (1) initiate criminal charges, (2) approve warrants, and (3) reject Mr. Young's complaint, while acting as the supervising organization for IPD and Irving Internal Affairs business processes (*Id*. at ¶ 232),
4. | 42 U.S.C. §§ 1983 & 1988 | AGAINST THE CTY OF IRVING | FOR FAILURE TO INTERVENE, SUPERVISE, MANAGE, AND DELIBERATE INDIFFERENCE | MONNELL LIABILITY" (*Id*. at p. 67 Count VII), and
5. Defendant City is the supervising organization for IPD and Irving Internal Affairs (*Id*. at ¶ 297)

These allegations are not sufficient to establish municipal liability. Indeed, "[p]roof of the need for better hiring practices, training or supervision does not itself establish that the City Defendants are liable." *Barrios-Barrios v. Clipps*, 825 F.Supp. 2d 730, 746 (E.D. La. 2011). "[S]howing merely that additional training would have been helpful in making difficult decisions does not establish municipal liability. [P]rov[ing] that an injury or accident could have been avoided if an [employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct[,] will not suffice." *Connick*, 563 U.S. at 68 (quotation omitted).

Here, Plaintiff's allegations concern Plaintiff's arrest and detention for a violation of the Transportation Code, Failure to Identify, Resisting Arrest, and Driving While Intoxicated. (Dkt. 37). While not making light of either, Plaintiff's allegations do not reach the level of *Canton's* hypothetical of a novice officer newly-armed with no training.

Therefore, under Fifth Circuit precedent, Plaintiff's set of facts does not fit into the *Canton* hypothetical of narrow and extreme circumstances giving rise to municipal liability absent allegations of the existence of a pattern of similar alleged constitutional violations. In sum, Plaintiff has failed to plead facts from which this Court could infer the City failed to train or supervise its employees.

3.  **Plaintiff Has Not Plausibly Alleged the City's Supposed Inactions Were the "Moving Force" Behind His Injuries**

Even if Plaintiff had alleged sufficient facts to establish a policy or custom or a plausible showing of inadequate training, which he has not, Plaintiff fails to adequately plead that the inadequate training caused a deprivation of Plaintiffs constitutional rights. Plaintiff asserts only conclusory allegations of causation and fails to connect the lack of training or procedures to the complained of injury. Plaintiff must allege facts which show "moving force" causation to establish his § 1983 claims. *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). To show "moving force causation," Plaintiff must demonstrate a "direct causal link" between the municipality's policy and the deprivation of Plaintiffs federal rights. *Id*. at 542, 546 (citing *Brown*, 520 U.S. at 404). "[T]he connection must be more than a mere 'but for' coupling between cause and effect. The deficiency in training, hiring, or supervision must be the actual cause of the constitutional violation." *Valle*, 613 F.3d at 546 (quotation omitted).

As one court in this circuit explained, in the police training context:

> "[e]ven showing the obviousness of a need for additional training regarding the constitutional obligations of police officers may not be enough to establish deliberate indifference because it does not necessarily mean that the officers will so obviously make wrong decisions that failing to train them amounts to a decision by the city itself to violate the Constitution."

*Barrios-Barrios*, 825 F.Supp.2d at 746-47 (citing *Connick*, 563 U.S. at 70) (quotation marks omitted). Moreover, the Fifth Circuit has held that "absent specific allegations supporting a

plausible causation inference, this legal conclusion does not state a claim for relief and warrants dismissal under Rule 12(b)(6)." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020), cert. denied, 141 S. Ct. 376, 208 L. Ed. 2d 97 (2020).

Here, Plaintiff does not plead any facts, much less sufficient ones, to show any City policy or practice caused the alleged constitutional violation. Plaintiff alleges no pattern of misconduct from which the allegedly-offending officers could have inferred City permission to unlawfully arrest him, conspire against him, or maliciously prosecute him, nor that the City's policymakers were on actual or constructive notice of constitutional violations that amounted to a custom.

Plaintiff fails to plead facts showing that the City's alleged deficient policies or training program caused or even encouraged the alleged unconstitutional acts pleaded in the Complaint. Therefore, Plaintiffs municipal claims and failure-to-train claims fail for the additional reason that Plaintiff has not alleged sufficient facts to establish "moving force" causation.

### 4. No Factual Allegation That City's Officers Were Not in Compliance With State Mandated Training Requirements

Plaintiff's allegations regarding inadequacies in training and supervision provide no basis for liability against the City because police training mandated of all law enforcement officers in the State of Texas includes the training of which Plaintiff complains and there are no factual allegations that the City's officers were not in compliance with state standards. "[A]ll that is required for a municipality to prevail in a claim based on inadequate training is compliance with state mandated training standards for its officers." *Huong v. City of Port Arthur*, 961 F.Supp. 1003, 1007 (E.D. Tex. 1997); accord *Gonzales v. Westbrook*, 118 F.Supp.2d 728, 737 (W.D. Tex. 2000). When state law mandates the training required of a city's officers, as in Texas, a plaintiff generally cannot satisfy the elements to support a claim of inadequate training. *See e.g. Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir.1996); *Benavides v. County of Wilson*, 955 F.2d 968,

973 (5th Cir. 1992); *see also See Zarnow v. City of Wichita Falls, Tex*., 614 F.3d 161, 170 - 71 (5th Cir. 2010) (compliance with State requirements should be considered as a factor counseling against a "failure to train" finding), citing *Conner v. Travis Cnty*., 209 F.3d 794, 798 (5th Cir. 2000). Further, the Fifth Circuit has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train. *See generally Goodman v. Harris Cnty*., 571 F.3d 388 (5th Cir. 2009).

Training regarding a police officer's investigation of criminal wrongdoing and arrest of a criminal suspect is precisely the type of basic police training the State of Texas assures all the state's police officer trainees receive, and Plaintiff has not made any factual allegations showing state training in this regard is constitutionally inadequate. Accordingly, Plaintiff has failed to allege facts showing Defendant City's police officers are not trained in accordance with constitutional requirements and cannot establish a "failure to train" claim.

### E.    Plaintiff's Claim for Failure to Supervise Should be Dismissed

In a Section 1983 claim for failure to supervise, a plaintiff must show that: 1) the supervisor failed to supervise the subordinate official; 2) a causal link exists between the failure to supervise and the violation of the plaintiff's rights; and 3) the failure to supervise amounts to deliberate indifference. *Goodman*, 571 F.3d at 395 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 911-912 (5th Cir. 1998)).

Plaintiff offers no specifics addressing the elements of a claim asserting municipal liability for failure to supervise, instead conclusorily asserting that the City failed to train or supervise. Plaintiff offers no factual contentions concerning any alleged failure of supervision of the officers who participated in his arrest, any causal link between the supervision of the relevant officers and any alleged violation of Plaintiff's constitutional rights, or any alleged deliberate

indifference by the City in conjunction with any alleged failure to supervise the officers who were involved in his arrest. *Id*.

Plaintiff has failed to state a plausible claim for relief. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Because Plaintiff's Complaint lacks allegations regarding required elements of a cause of action for failure to supervise, the Court should dismiss this claim. *Tuchman*, 14 F.3d at 1067; *Keane*, 297 F. Supp. 2d at 925; *Blackburn*, 42 F.3d at 931.

## F.     Failure to Intervene

Plaintiff asserts a 1983 cause of action against the City for failure to intervene. (Dkt. 37, pp. 6, 49, 67). Specifically, Plaintiff alleges that the City "reli[ed] on false statements and material omissions in an affidavit, submitted to a magistrate for review of whether probable cause existed for a felony prosecution and its associated searches and seizures, violated Mr. Young's clearly established Fourth and Fourteenth Amendment rights" (*Id*. at ¶ 289) and "failed to intervene when Mr. Young reported the incident through the formal complaints management process." (*Id*. at ¶ 293). However, Plaintiff appears to conflate this cause of action with his allegations of failure to train and supervise. (See *Id*. at p. 67.)[6] Moreover, liability under *Monell vs. Dept. of Social Services*, 436 U.S. 658 (1978) requires an official municipal policy (decisions of a government's lawmakers, the acts of its policymaking officials) and actual or constructive knowledge of practices so persistent and widespread by the municipality or the official who had policymaking authority as to practically have the force of law causing the alleged violation of Plaintiff's constitutional rights. Plaintiff's Amended Complaint does not provide fact-based allegations of a policy or previous incidents giving rise to a custom for failing to intervene to prevent an officer's violation of a citizen's constitutional rights.

---

[6] COUNT VII - 42 U.S.C. § 1983 - AGAINST THE CITY OF IRVING FOR FAILURE TO INTERVENE, SUPERVISE, MANAGE AND DELIBERATE INDIFFERENCE – MONNELL LIABILITY.

Moreover, the outcome of a subsequent internal affairs investigation (where the focus is on whether or not the police officer complied with departmental policy) cannot be said to have caused Plaintiff's alleged injury. See *Hobart v. City of Stafford*, 916 F.Supp.2d 783, 799 (S.D. Texas - Houston 2013)("A subsequent ratification of a subordinate's excessive use of force does not cause the constitutional injury."); see also *Oporto v. City of El Paso, Tex.*, No. EP-10-CV-110-KC, 2012 WL 2191697, at *10 fn. 1 (W.D. Tex. June 14, 2012)(plaintiff's allegation that the City is liable for the actions of police officers because EPPD's internal affairs division determined that the Officers' actions were appropriate fails because there is no suggestion that the internal affairs division is a final policymakers for the City). As such, Plaintiff's claim fails.

**G.      Plaintiff is Barred from Recovering Exemplary Damages.**

The Supreme Court has ruled that punitive damages are not recoverable from a governmental entity or local officials in their official capacity in § 1983 actions. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, Plaintiff, even if successful, cannot as a matter of law recover punitive damages in a 1983 action. See also *Livingston v. Desoto Indep. Sch. Dist.*, 2004 WL 2964977, at *2 (N.D. Tex. Dec. 15, 2004); *Estate of Lance ex rel. Lance v. Lewisville Indep. Sch. Dist.*, 2011 WL 4100960, at *9 (E.D. Tex. Aug. 23, 2011), report and recommendation adopted, 2011 WL 4101164 (E.D. Tex. Sept. 13, 2011). The Fifth Circuit has reaffirmed that exemplary damages are not allowed against public entities under Section 1983. "Because Congress has not expressed a clear intention to permit punitive damages against municipalities in Section 1983 actions stemming from Fourth and Eighth Amendment violations, Appellants are barred from seeking punitive damages." *Skyy v. City of Arlington*, 712 F. App'x 396, 401 (5th Cir. 2017). Accordingly, the Court should dismiss Plaintiff's exemplary damage claim.

# IV. CONCLUSION

Plaintiff was not subject to unconstitutional false arrest, excessive force, or malicious prosecution. Further, the facts alleged within Plaintiff's Original Complaint do not constitute the violation of any right protected by the Constitution or laws of the United States, and as such, Plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted. Moreover, Plaintiff fails to state a claim against Defendant City because the City cannot be liable in the absence of a constitutional violation, and Plaintiff does not allege sufficient facts of a constitutional violation. Also, Plaintiff fails to allege sufficient facts of any unlawful City policy or that any City policy was a moving force which caused any constitutional deprivation that Plaintiff alleges in this lawsuit. Finally, there is no state constitutional tort and no implied private right of action to recover damages under the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant City respectfully prays that: (1) the Court grant Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; (4) Defendant recover all costs of suit and attorney's fees; and (5) for such other and further relief, general or special, at law and in equity, to which it may be justly entitled.