# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DERONNIUS R. YOUNG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:23-CV-1423-D** |
| **VS.** | § | |
| | § | **ECF** |
| | § | |
| **ADAM LANDRY, ANDREW HAMMET,** | § | |
| **JOHN PHILLIPS,[1] JOHN/JANE** | § | |
| **DOES, and THE CITY OF IRVING** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS ADAM LANDRY, ANDREW HAMMET, AND JOHN PHILLIPS'
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT,
AND BRIEF IN SUPPORT THEREOF**

Respectfully submitted,

**CITY ATTORNEY'S OFFICE
CITY OF IRVING, TEXAS**

By:     /s/Saul Pedregon        
        **SAUL PEDREGON**
        Senior Assistant City Attorney
        State Bar No. 00797231
        Email:  spedregon@cityofirving.org
        **JASON D. McCLAIN**
        Senior Assistant City Attorney
        State Bar No. 00797032
        Email:  jmcclain@cityofirving.org
        825 West Irving Boulevard
        Irving, Texas 75060
        Telephone: 972.721.2541
        Facsimile:  972.721.2750

---

[1] Plaintiff has identified this defendant as "Jo Phillips." However, his legal name is John Phillips.

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

**ATTORNEYS FOR DEFENDANTS CITY OF IRVING, ADAM LANDRY, ANDREW HAMMETT, and JOHN PHILLIPS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served the foregoing document by mailing a copy to the following:

**Via Certified Mail, RRR No. 7019 2970 0000 6064 4894**
DeRonnius R. Young (pro se)
4800 W Lovers Lane
#406
Ste 406
Dallas , TX 75209

/s/Saul Pedregon
**SAUL PEDREGON**
Assistant City Attorney

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF SERVICE

TABLE OF CONTENTS..........................................................................................................i

TABLE OF AUTHORITIES ...............................................................................................ii

FACTUAL ALLEGATIONS .................................................................................................1

MOTION TO DISMISS STANDARD...................................................................................2

PLAINTIFF'S EXHIBITS......................................................................................................3

I.       Adoption and Incorporation of Prior Filings ..........................................................5

ARGUMENTS AND AUTHORITIES..................................................................................5

II.      Plaintiff's Claims Are Barred by Qualified Immunity ..........................................5

     A.   Defendant Phillips Had No Personal Involvement ...........................................5

     B.   Plaintiff Fails to Establish a Constitutional Violation
         Under the Fourth Amendment .........................................................................6

     C.   Malicious Prosecution......................................................................................19

     D.   Failure to Intervene .........................................................................................20

     E.   First Amendment Claims .................................................................................22

     F.   Fourteenth Amendment Claims .......................................................................24

III.     Conspiracy Claims...................................................................................................25

CONCLUSION.....................................................................................................................25

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver*,
510 U.S. 266, 273 (1994)........................................................................................ 24

*Anokwuru v. City of Hous.*,
990 F.3d 956, 964 (5th Cir. 2021) ........................................................................ 20

*Arizmendi v. Gabbert*,
919 F.3d 891, 897 (5th Cir. 2019) ........................................................................ 11

*Armstrong v. Ashley*,
60 F.4th 262, 279 (5th Cir. 2023) ................................................................... 19, 20

*Arnold v. Williams*,
979 F.3d 262, 270 (5th Cir. 2020) ........................................................................ 24

*Ashcroft v. al-Kidd*,
563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011)................................................... 3

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)......................................................................................... 2

*Atwater v. City of Lago Vista*,
532 U.S. 318, 354, 49 L.Ed.2d 549, 121 S.Ct. 1526 (2001)................................. 18

*Baker v. McCollan*,
443 U.S. 137, 145, 99 S. Ct. 2689, 2695 n.3 (1979).............................................. 6

*Batyukova v. Doege*,
994 F.3d 717, 730 (5th Cir. 2021) ........................................................................ 22

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007)......................................................................................... 2

*Brower v. Cty. of Inyo*,
489 U.S. 593, 598 (1989)....................................................................................... 16

*Burns-Toole v. Byrne*,
11 F.3d 1270 (5th Cir.) ............................................................................................ 3

*Carnaby v. City of Houston*,
636 F.3d 183, 187 (5th Cir. 2011) .......................................................................... 4

*Castellano v. Fragozo*,
352 F.3d 939, 954 (5th Cir. 2003) (en banc) ........................................................ 20

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

*Chacon v. Copeland*,
577 F. App'x 355, 358 (5th Cir. 2014)..................................................................... 4

*Club Retro LLC v. Hilton*,
568 F.3d 181, 204 (5th Cir. 2009) ........................................................................... 7

*Collin Cnty. Crim. Dist. Attorney's Off. v. Akhavan*,
No. 05-10-00153-CV, 2011 WL 2028219, at \*3 (Tex. App. May 25, 2011).......................... 18

*Conn v. Gabbert*,
526 U.S. 286, 293 (1999)......................................................................................... 24

*County of Sacramento v. Lewis*,
523 U.S. 833, 118 S. Ct. 1708 (1998)...................................................................... 6

*Cuadra v. Houston Indep. Sch. Dist.*,
626 F.3d 808, 814 (5th Cir. 2010) ........................................................................... 24

*Davis v. Young*,
No. 3:22-CV-439-TSL-RPM, 2024 WL 1975468, at \*7 (S.D. Miss. May 3, 2024)................ 23

*Devenpeck v. Alford*,
543 U.S. 146, 153–54, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)................................... 8

*Deville v. Marcantel*,
567 F.3d 156, 170 (5th Cir. 2009) ........................................................................... 11

*Espinal v. City of Houston*,
96 F.4th 741, 746 (5th Cir. 2024) ........................................................................... 15

*Esquivel v. Eastburn*,
No. SA-20-CV-00377-OLG, 2021 WL 1667132, at \*4 (W.D. Tex. Apr. 8, 2021) ................ 17

*Foreman v. Circle K Stores, Inc.*,
766 F. App'x 165, 167 (5th Cir. 2019)..................................................................... 5

*Franks v. Delaware*,
438 U.S. 154 (1978).......................................................................................... 11, 12

*Gladden v. Roach*,
864 F.2d 1196 (5th Cir. 1989) ............................................................................... 7

*Graham v. Connor*,
490 U.S. 386, 395 (1989)......................................................................................... 24

*Graves v. Mahoning Cty.*,
821 F.3d 772, 776 (6th Cir. 2016) ........................................................................... 16

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

*Guerra v. Castillo,*
 82 F.4th 278, 288–89 (5th Cir. 2023) ................................................................. 20

*Guidry v. Bank of LaPlace,*
 954 F.2d 278, 281 (5th Cir. 1992) ...................................................................... 13

*Hand v. Gary,*
 838 F.2d 1420, 1427 (5th Cir. 1988) .................................................................. 11

*IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.,*
 900 F.3d 640, 646-47 (5th Cir. 2018) ................................................................... 4

*Illinois v. Gates,*
 462 U.S. 213, 243 n.13 (1983) ............................................................................... 7

*Jennings v. Patton,*
 644 F.3d 297, 300 (5th Cir. 2011) ...................................................................... 19

*Joseph v. Bartlett,*
 981 F.3d 319, 343 (5th Cir. 2020) ...................................................................... 21

*Kaley v. United States,*
 571 U.S. 320, 338 (2014) ....................................................................................... 7

*Kelson v. Clark,*
 1 F.4th 411, 416 (5th Cir. 2021) ........................................................................... 3

*Lincoln v. Turner,*
 874 F.3d 833, 847-48 (5th Cir. 2017) ................................................................. 19

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,*
 594 F.3d 383, 387 (5th Cir. 2010) ........................................................................ 4

*Malley v. Briggs,*
 475 U.S. 335, 341 (1986) ....................................................................................... 3

*Mangieri v. Clifton,*
 29 F.3d 1012, 1016 and n. 7 (5th Cir. 1994) ....................................................... 18

*Marks v. Hudson,*
 933 F.3d 481, 487 (5th Cir. 2019) ........................................................... 12, 13, 15

*Martin v. Thomas,*
 973 F.2d 449, 455 (5th Cir.1992) .......................................................................... 7

*Mayfield v. Currie,*
 976 F.3d 482, 487 (5th Cir. 2020) ...................................................................... 11

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

*McDonald v. McClelland,*
779 Fed. Appx. 222, 227 (5th Cir. 2019)................................................................ 21

*McVae v. Perez,*
120 F.4th 487, 491 (5th Cir. 2024) ......................................................................... 5

*Melton v. Phillips,*
875 F.3d 256, 266 (5th Cir. 2017) ......................................................................... 12

*Mendenhall v. Riser,*
213 F.3d 226, 230 (5th Cir. 2000) ........................................................................... 7

*Mesa v. Prejean,*
543 F.3d 264, 273 (5th Cir. 2008) ......................................................................... 23

*Montgomery v. Hollins,*
3:18-CV-1954-M-BN, 2019 WL 2424053, at *4 (N.D. Tex. May 8, 2019) ........... 22

*Morgan v. Chapman,*
969 F.3d 238, 245 (5th Cir. 2020) ......................................................................... 20

*Morgan v. Swanson,*
659 F.3d 359, 370 (5th Cir. 2011) ...................................................................... 2, 3

*Pfannstiel v. City of Marion,*
918 F.2d 1178, 1183 (5th Cir.1990) ......................................................................... 7

*Pierson v. Ray,*
386 U.S 547, 555 (1967).......................................................................................... 17

*Price v. Roark,*
256 F.3d 364, 369 (5th Cir. 2001) ........................................................................... 8

Purvis v. State,
4 S.W.3d 118, 120 (Tex. App. - Waco 1999) ........................................................... 9

*Rich v. Palko,*
920 F.3d 288, 294 (5th Cir. 2019) ........................................................................... 3

*Roque v. Harvel,*
995 F.3d 325, 331 (5th Cir. 2021) ........................................................................... 3

*Russell v. Altom,*
546 F.App'x 432, 436-37 (5th Cir. 2013) .......................................................... 11, 23

*Salas v. Carpenter,*
980 F.2d 299 (5th Cir. 1992) ................................................................................... 3

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

*Scott v. Harris*,
550 U.S. 372, 380 (2007)..................................................................................... 4

*Shaw v. Villanueva*,
918 F.3d 414, 418 (5th Cir. 2019) ...................................................................... 15

*Smith v. Gonzalez*,
670 F.2d 522, 526 (5th Cir. 1982) ...................................................................... 11

*Thompson v. Clark*,
596 U.S. 36 (2022)........................................................................................ 20, 24

*Thompson v. Steele*,
709 F.2d 381, 382 (5th Cir. 1983) ........................................................................ 6

*Thornton v. Lymous*,
850 F. App'x 320, 322 (5th Cir. 2021)............................................................ 14, 15

*United States v. Morris*,
477 F.2d 657 (5th Cir. 1973) ................................................................................ 7

*United States v. Tinkle*,
655 F.2d 617 (5th Cir. 1981) ................................................................................ 7

*United States v. Wadley*,
59 F.3d 510 (5th Cir. 1995) .................................................................................. 7

*Wallace v. Taylor*,
No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023) ......................... 20

*Watson v. Interstate Fire & Casualty Company*,
611 F.2d 120, 123 (5th Cir. 1980) ........................................................................ 6

*Watts v. Northside Indep. Sch. Dist.*,
37 F.4th 1094, 1096 (5th Cir. 2022) .................................................................... 20

*Westfall v. Luna*,
903 F.3d 534 (5th Cir. 2018) .............................................................................. 23

*Whitley v. Hanna*,
726 F.3d 631, 646 (5th Cir. 2013) ...................................................................... 21

*Williams v. State*,
767 S.W.2d 872, 874 (Tex.App.-Dallas 1989, pet. ref'd) (en banc) ........................ 17

*Wilson v. Birnberg*,
667 F.3d 591, 599 (5th Cir. 2012) ...................................................................... 24

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

*Wilson v. Stroman*,
 33 F.4th 202, 208 (5th Cir. 2022) ................................................................................ 11

*Winfrey v. Rogers*,
 901 F.3d 483, 492 (5th Cir. 2018) .............................................................................. 24

*Winfrey v. Rogers*,
 901 F.3d 483, 494 (5th Cir. 2018) .......................................................................... 12, 16

**Statutes**

FED. R. CIV. P. 8 ................................................................................................................. 2

TEX. CODE CRIM. PROC. art. 14.01(b) ............................................................................... 7

TEX. PENAL CODE § 49.01 .................................................................................................. 9

TEX. PENAL CODE § 49.04 .................................................................................................. 9

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

**DEFENDANTS ADAM LANDRY, ANDREW HAMMET, AND JOHN PHILLIPS'**
**RULE 12(b)(6) MOTION TO DISMISS, AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Adam Landry ("Landry"), Andrew Hammett ("Hammett"), and John Phillips ("Phillips"), sued in their individual capacities, and file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure12(b)(6), and Brief in Support Thereof.

### FACTUAL ALLEGATIONS

This case arises out of a traffic stop in which Plaintiff was stopped for a violation of the Texas Transportation Code for honking his vehicle's horn for a purpose other than safe operation of his car, which ultimately ended in his arrest for Failure to Identify, Resisting Arrest, and Driving While Intoxicated. Plaintiff admits that he engaged in the conduct which precipitated the traffic stop, but nonetheless files this lawsuit alleging numerous claims against Irving Police Officer Landry (the officer who stopped and ultimately arrested Plaintiff), Irving Police Officer Hammett (the officer who provided backup to Officer Landry), and Irving Police Officer Phillips (the officer who investigated the Internal Affairs complaint that Plaintiff filed with the Irving Police Department). Finally, Plaintiff also sued the City of Irving, the entity which employed each of the individual defendants. Plaintiff sues the City of Irving and Defendants Landry, Hammett, and Phillips in their individual capacities alleging various violations of the U.S. Constitution under 42 U.S.C. §§ 1983, 1985, and 1986. (Dkt. 37, p. 6).

The Court should dismiss all of the claims against Landry, Hammett, and Phillips because they are entitled to qualified immunity and because Plaintiff has failed to state a claim on which relief may be granted. Plaintiff's First, Fourth, and Fourteenth Amendment claims against Defendants for unlawful arrest, malicious prosecution, failure to intervene, and

conspiracy should be dismissed. Plaintiff's allegations and evidence establish that Defendants had probable cause to arrest him for multiple offenses for violations of the Transportation Code and Penal Code. Additionally, Plaintiff offers no well pled allegations to establish that Defendants violated clearly established law when they arrested him for violations of the Transportation Code and Penal Code.

## MOTION TO DISMISS STANDARD

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[2] The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court does not accept as true "a number of categories of statements, including legal conclusions; mere 'labels'; 'threadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (cleaned up) (quoting *Ashcroft*, 556 U.S. at 677-78).

---

[2] Plaintiff has previously represented to this Court that he received a degree in Criminology in 2014. (Dkt. 3, ¶ 22). Plaintiff has further represented to this Court that he graduated from law school in May 2023, and that he was to sit for the Bar Exam in July 2023. (Dkt. 4, ¶ 11). As such, Plaintiff is not a typical pro se that is unfamiliar with the legal requirements of filing a complaint in federal court.

Furthermore, "[t]he burden is on the plaintiff to overcome a defendant's defense of qualified immunity." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994); accord, *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). A public official can invoke the defense of qualified immunity to avoid liability when sued in his individual capacity for the performance of his duties. *See Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019). Qualified immunity shields a public official but only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Roque v. Harvel*, 995 F.3d 325, 331 (5th Cir. 2021); *see also Morgan*, 659 F.3d at 370. Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law,' so [courts] do not deny immunity unless 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Morgan*, 659 F.3d at 371 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011)).

At the motion to dismiss stage, the defendant is entitled to qualified immunity unless the plaintiff meets his burden "to demonstrate the inapplicability of the defense." *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). To do so, the plaintiff must allege facts sufficient to plausibly show that (1) the defendant violated a constitutional right of the plaintiff and (2) the constitutional right was clearly established at the time of the alleged violation. *Morgan*, 659 F.3d at 371 (citing *al-Kidd*, 563 U.S. at 735).

**PLAINTIFF'S EXHIBITS**

Plaintiff has cited numerous documents in his Amended Complaint, excerpts of which are included as Exhibits; however, the complete documents were not included. (Dkt. 37). As such, Defendants attach full copies of the following documents referenced in the Amended Complaint:

Exhibit A    Criminal Complaint charging Plaintiff with Driving While Intoxicated (Dkt. 37, pp. 12-13 Ex. 1);

Exhibit B    Affidavit for Arrest Warrant (Dkt. 37, p. 13 Ex. 2);

Exhibit C    Affidavit for Determination of Probable Cause (Dkt. 37, p. 15 Ex. 4, p. 29 Ex. 17);

Exhibit D    Affidavit for Search Warrant (Dkt. 37, p. 18 Ex. 5, p. 21 Ex. 8, p. 22 Ex. 9 - 11);

Exhibit E    Incident Report (Dkt. 37, p. 20 Ex. 7, p. 24 Ex. 12).

Exhibit F    Video from Defendant Adam Landry's Bodyworn Camera dated June 25, 2021 (referenced in Exhibit E, *supra*).[3]

(APPX. 1).

Review under Rule 12(b)(6) "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 646-47 (5th Cir. 2018) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Moreover, while a plaintiff's version of the facts is generally accepted as true in a motion based on qualified immunity, a "narrow exception" to this approach exists where "video evidence undeniably contradicts the plaintiff's version of the facts such that no reasonable jury could believe it." *Chacon v. Copeland*, 577 F. App'x 355, 358 (5th Cir. 2014) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). When such video evidence exists, the Fifth Circuit has said that courts "need not rely on the plaintiff's description of the facts ... but instead consider 'the facts in the light depicted by the videotape.'" *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (quoting *Scott*, 550 U.S. at 381, 127 S.Ct. 1769); see also *McVae v. Perez*, 120 F.4th

---

[3] In his Original Complaint, Plaintiff referred to this video as "**Exhibit A – 23min video of Sgt. Landry's Body Camera**" to support his allegations (hereinafter, "Plaintiff's Exhibit A"). (Dkt. 3, p. 2, Sect. II). Plaintiff's Exhibit A was reviewed by the Court in rendering its Memorandum Opinion and Order (Dkt. 34) on Defendants' previously filed Motion to Dismiss (Dkt. 21, 22).

487, 491 (5th Cir. 2024), *Foreman v. Circle K Stores, Inc.*, 766 F. App'x 165, 167 (5th Cir. 2019) (citing *Carnaby*).

## I.     ADOPTION AND INCORPORATION OF PRIOR FILINGS

As authorized by FED. R. CIV. P. 10(c), Defendants hereby adopt, incorporate by reference and reiterate the issues, arguments, and authorities asserted within their previously filed Motion to Dismiss, including all exhibits and attachments. (Dkt. 21, 22).

## ARGUMENT AND AUTHORITIES

## II.     Plaintiff's Claims are Barred by Qualified Immunity

Landry, Hammett, and Phillips assert that they are entitled to qualified immunity on Plaintiff's claims. Consequently, in order to address Plaintiff's constitutional claims against these Defendants, the Court must determine whether Plaintiff has pleaded facts with sufficient specificity to overcome these Defendants' entitlement to qualified immunity.

## A.     Defendant Phillips Had No Personal Involvement

Phillips is specifically named five times in the entirety of the Complaint: 1) in the caption (Dkt. 37, p. 1); 2) in the opening paragraph wherein Plaintiff identifies the Defendants in this matter (*Id*.); 3) with regards to IPD department policy allegedly permitting omission of video evidence (*Id*., p. 3 n. 2)[4]; 4) based upon his investigation of Plaintiff's Internal Affairs complaint wherein Phillips allegedly "ratified Landry/Hammet/Does misconduct based on the falsified information submitted in Defendant officers' probable cause applications." (*Id*., p. 4 ¶ 14); and 5) Plaintiff's assertion that "Sgt. Jo Phillips 'facilitates' the internal investigations process on behalf of the City of Irving." (*Id*., p. 24 n. 42). The Incident Report referenced in the Amended

---

[4] Presumably, this refers to the Phillips' email response to Plaintiff wherein Phillips states that "[r]egarding the dashcam videos, there are a variety of reasons why all events including and leading up to enforcement activities might not be video recorded." (Dkt. 37, p. 25 Ex. 13). There are no further references to a policy allegedly permitting omission of video evidence. If this is the "policy" to which Plaintiff refers, it is a mischaracterization of Phillips' email.

Complaint demonstrates that Phillips was not at the scene of Plaintiff's arrest. (Dkt. 12, pp. 4-8; Dkt. 37, Exs. 7 & 12; Appx. E). Moreover, Plaintiff's Exhibit A clearly demonstrates that Landry and Hammett are the only officers that effectuated Plaintiff's arrest. (*See, generally*, Appx. F; *see also* Dkt. 22). Phillips had no personal involvement in any alleged constitutional violations. Personal involvement is an essential element of a civil rights cause of action under § 1983. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Watson v. Interstate Fire & Casualty Company*, 611 F.2d 120, 123 (5th Cir. 1980). As Plaintiff has not pled any personal involvement by Phillips in any alleged constitutional violation, Phillips is entitled to qualified immunity and the claims against him must be dismissed. *Id*.

**B.      Plaintiff Fails to Establish a Constitutional Violation Under the Fourth Amendment**

Plaintiff's claims against Landry, Hammet, and Phillips fail at the outset because Plaintiff fails to allege facts showing he was subjected to unconstitutional conduct at the hands of Defendants. Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695 n.3 (1979). Before a plaintiff can successfully assert Section 1983 as a valid cause of action, he must first identify constitutionally protected conduct he contends a defendant has infringed. *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S. Ct. 1708, 1714 n.5 (1998). Plaintiff does not allege facts which, even if true, show Defendants engaged in conduct violative of the rights discussed *infra*.

**1.      Plaintiff's False Arrest Claim Fails**

Plaintiff claims that Irving police officers violated his rights when they allegedly arrested him without probable cause. (Dkt. 37, p. 6 Count III). Plaintiff, however, has failed to plead a

viable wrongful arrest claim. He offers no more than conclusory allegations regarding his claims and fails to address the elements of the offenses for which he was arrested.

Probable cause exists when the facts within the officer's knowledge and facts of which he has reasonably reliable information would be sufficient to cause a prudent person to believe that the suspect has committed or is committing a criminal offense. TEX. CODE CRIM. PROC. art. 14.01(b); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995); *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir. 1989); *United States v. Morris*, 477 F.2d 657, 663 (5th Cir. 1973). Probable cause may be present even though the evidence before the officer would be insufficient to support a finding of guilt necessary to convict. *United States v. Tinkle*, 655 F.2d 617, 621 (5th Cir. 1981), cert. denied, 455 U.S. 924 (1982). Moreover, probable cause to arrest "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). And in the qualified immunity context, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

Moreover, probable cause to arrest Plaintiff for committing any offense bars all claims based on the propriety of his arrest. See *Club Retro LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009); see also *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1990) ("Even if there was not probable cause to arrest the plaintiff for the crime charged, proof of probable cause to arrest the plaintiff for a related offense is also a defense [to a section 1983 claim]"), abrogated on other grounds as recognized by *Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir.1992). Probable cause is determined based "**on the validity of the arrest**, not the validity of each individual charge made during the course of the arrest." See *Price v. Roark*, 256 F.3d 364, 369 (5th Cir.

2001) (emphasis added). The propriety of Plaintiff's arrest is not judged by the charges that Defendants filed but, instead, on any charge supported by probable cause that a reasonable officer could have filed based on the facts. See *Devenpeck v. Alford*, 543 U.S. 146, 153–54, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

Plaintiff alleges that the following facts led up to his arrest: (1) on June 25, 2021, Plaintiff had dinner with some friends at Bar Louie located in the Toyota Music Factory in Irving (Dkt. 37, ¶¶ 33-34); (2) around 12:30 a.m. Landry engaged his patrol vehicle lights as Young drove past him while exiting the parking garage at the Toyota Music Factory (*Id.*, ¶34); (3) Plaintiff, in compliance with Landry's request, pulled over and parked his vehicle in a parking spot behind Bar Louie to learn why Landry requested his attention since Plaintiff had not violated any traffic laws (*Id.*, ¶ 35); (4) Plaintiff exited his vehicle and approached Landry when he realized that the officer requested his attention, whereupon Landry informed Plaintiff that he was detained because he was 'driving crazy while sounding his car horn' (*Id.*, ¶ 36); (5) Plaintiff consistently maintained that he had not violated any law and had not driven his car in a manner that would put Defendant Sgt. Landry on notice of any potential criminal activity (*Id.*, ¶37); and (6) Plaintiff relentlessly asserted his right to be free from government intrusion without legitimate reason when he constantly disagreed that Landry saw him "driving on the wrong side of the road multiple times, while sounding his car horn continually." (*Id.*, ¶38).

### a. Transportation Code Violation

Plaintiff takes issue with the traffic stop initiated by Landry. Specifically, Plaintiff asserts that "Defendant Landry lacked reasonable suspicion to initiate a traffic stop because he intentionally lied about his observations of Mr. Young's driving behavior." (Dkt. 37 ¶¶ 57, 133, 155, 239, and 303).

In their previously filed Motion to Dismiss, Defendants demonstrated that there was reasonable suspicion to justify Landry's traffic stop of Plaintiff for violation of Section 547.501 of the Texas Transportation Code. (Dkt. 21). In its Order dated September 12, 2024, this Court determined that there was reasonable suspicion to determine that Plaintiff had committed this violation (Dkt. 34 pp. 12-14, Sect. IV(C)(2)). In his Amended Complaint, Plaintiff has reasserted his cause of action for false arrest. (Dkt. 37, p. 6 Count V, p. 65 Count V ¶¶ 276-281). Plaintiff has alleged no additional material facts to dispute that there was reasonable suspicion to initiate a traffic stop for violation of Section 547.501 of the Transportation Code. Moreover, Plaintiff does not dispute that he engaged in the conduct that precipitated the traffic stop by Landry. (Dkt. 37 ¶ 68). As such, the section of Defendants' previously filed Motion to Dismiss addressing the Transportation Code Violation is incorporated herein pursuant to the provisions of Rule 10 of the Federal Rules of Civil Procedure. (Dkt. 21, Sect. II(B)(1)(a)).

### b. Driving While Intoxicated

Defendants also had probable cause to arrest Plaintiff for Driving While Intoxicated. In Texas, a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE § 49.04 (a). Intoxication is defined as "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of these substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." See TEX. PENAL CODE § 49.01 (2)(A) and (B). The elements of the offense of driving while intoxicated (DWI) are: (1) a person; (2) is intoxicated; (3) at the time of; (4) operating; (5) a motor vehicle; (6) in a public place. *Purvis v. State*, 4 S.W.3d 118, 120 (Tex. App. - Waco 1999).

In this case, Plaintiff does not challenge the elements of being the person (element 1) who operated (element 4) a motor vehicle (element 5) in a public place (element 6). He appears to complain there was no evidence that he was "intoxicated" (element 2) "at the time" (element 3) he operated a motor vehicle. The operative element is "intoxicated."

Plaintiff was initially stopped for a traffic violation. APPX. E, pp. 3, 7, 10, and 20. Defendants had reasonable suspicion to stop Plaintiff for this violation. Section II(B)(1)(a), *supra*. Upon contact, Plaintiff exited the vehicle and immediately began verbally resisting and trying to walk away. APPX. E, pp. 3, 7, 10, and 20. Further, he gave his name as John Doe with no date of birth. *Id*. Further, Landry could smell the odor of an alcoholic beverage coming from Plaintiff's breath. *Id*. In addition, Plaintiff physically resisted detention and arrest. *Id*. Defendants have extensive training, education, and experience in the field of alcohol detection and intoxication-related offenses. *Id*. at p. 14. Based on Plaintiff's driving behavior, the smell of an alcoholic beverage on his breath, and his actions during the interaction, it was determined that Plaintiff was intoxicated. APPX. E, pp. 3, 7, 10, and 20.

Plaintiff's Exhibit A supports Defendants' version of events; it includes a detailed description of Plaintiff's erratic driving. APPX. F at 15:29-16:15, 16:54-17:01. Further, it records Plaintiff's ongoing resistive and erratic behavior. See APPX. F. Finally, it includes Landry's contemporaneous statements that he believed that Plaintiff had been drinking before he was pulled over (*Id*. at 16:19), and that he could smell alcohol on Plaintiff (*Id*. at 17:54). Based upon the totality of the events, as well as their training, education, and experience in detecting intoxication-related offenses, Defendants had probable cause to arrest Plaintiff for DWI.

### c. Alleged *Franks* Violation

Plaintiff acknowledges that an arrest warrant for Driving While Intoxicated was signed by a magistrate, and that he was arrested pursuant to same. (Dkt. 37 ¶¶ 9, 45, 156, and 174; p. 29 Ex. 17); *see also* APPX. B. "A constitutional claim for false arrest ... through the vehicle of § 1983, 'requires a showing of no probable cause.'" *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (internal citations omitted). An arrest based on a valid warrant is not a false arrest, is not unconstitutional, and cannot form the basis of a Fourth Amendment claim. *Smith v. Gonzalez*, 670 F.2d 522, 526 (5th Cir. 1982). A "complaint based on such an arrest is subject to dismissal for failure to state a claim." *Id*. "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). If a warrant is issued by an intermediary magistrate judge, the causal chain is broken, and the initiating party is insulated. *Russell v. Altom*, 546 F.App'x 432, 436-37 (5th Cir. 2013); *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

Plaintiff, however, asserts the *Franks* exception to the intermediary doctrine. Under *Franks v. Delaware*, 438 U.S. 154 (1978), officers who deliberately or recklessly provide false, material information in an affidavit or make knowing and intentional omissions that result in a warrant being issued without probable cause may still be liable. See *Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020). But Plaintiff does not plead facts to avail himself of this exception.

In his Amended Complaint, Plaintiff alleges that the warrant was improperly issued based on alleged "lies," "fabrications," and "falsehoods" (Dkt. 37, ¶¶ 41-45, 65-66, 71-72, 75, 79, 82,

84, 89-90, 95, 101, 103, 114, 119, 123, 127, 132, 143, 156, and 239-253), asserts the "taint" exception to this independent intermediary doctrine[5], and asserts that "[t]he Fourth Amendment right to be free from arrest without probable cause is clearly established. Thus, Franks liability addresses the distinct issue of false information in a warrant application" (Dkt. 37, ¶ 151).[6] Plaintiff's reliance on *Franks*, however, is misplaced.

A sufficiently pled *Franks* violation alleges facts that show (1) a defendant prepared or presented an application for a warrant, (2) which included a false statement that was made "knowingly and intentionally, or with reckless disregard for the truth," *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), or "misleading material omissions that were recklessly, intentionally, or knowingly omitted," *Marks v. Hudson*, 933 F.3d 481, 487 (5th Cir. 2019) (citing *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006)), and (3) that "the allegedly false statement is necessary to the finding of probable cause," *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018). "*Franks* expressly requires a falsehood to be included in the warrant application for there to be a Fourth Amendment violation." *Melton v. Phillips*, 875 F.3d 256, 266 (5th Cir. 2017).

Absent bare conclusory assertions, Plaintiff makes no factual allegation that plausibly shows that Defendants "**deliberately or recklessly** provided **false material information**" in the Affidavit for Arrest Warrant, Affidavit for Determination of Probable Cause, Affidavit for Search Warrant, or Incident Report. *Id*. at 264 (emphasis added). Rather, Plaintiff's allegations primarily concern his disagreement with Landry's interpretation of the Transportation Code, and Landry's allegedly unsupported observation of the odor of alcohol on Plaintiff's breath. See, e.g., *Marks v. Hudson*, 933 F.3d 481, 488 (5th Cir. 2019) (rejecting allegations that affiant "knew" falsity of statements as "simply a claim" and "speculation from the stated facts"); *Guidry v. Bank*

---

[5] Dkt. 37, p. 41 fn. 86.
[6] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978); see Dkt. 37, p. 40 fn. 81.

*of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." (cleaned up)).

Plaintiff alleges that Landry's observation of his driving behavior was misrepresented in the warrant. (Dkt. 37, ¶¶ 41, 43-44, 65-66, 89, and 143). Plaintiff, however, has admitted that he engaged in the behavior that resulted in the initial traffic stop. (Dkt. 37, ¶ 68). As such, Plaintiff's primary complaint is with Landry's interpretation of the Transportation Code. A disagreement regarding the interpretation of a statute is insufficient to establish a knowing falsehood. See *Marks*, 933 F.3d at 488; *Guidry*, 954 F.2d at 281.

Plaintiff also alleges that Defendants lied about him refusing field sobriety tests in order to obtain a warrant for a blood draw. (Dkt. 37 ¶¶ 82, 95). However, Defendants reasonably believed that Young was pretending to be unconscious when they inquired as to whether he would take the tests, and when Plaintiff did not respond they treated his silence as a denial. APPX. E, p. 22. Moreover, Plaintiff admits that he "has no recollection" on this matter. (*Id*. ¶ 82)

Plaintiff further alleges that Hammet contradicted Landry's observation of alcohol on Plaintiff's breath, thereby establishing that Landry misrepresented this fact in his warrant application. (Dkt. 37 ¶¶ 71-72). However, Hammet clearly stated that he was congested and unable to smell *anything* due to a recent illness. (Dkt. 37, p. 20 Ex. 7; APPX. E) (emphasis added). An inability to smell is far from a disagreement with Landry's observation. Moreover, rather than concealing the fact that he could not support Landry's olfactory observation, Hammet explicitly included that fact in the Incident Report. APPX. E.

Plaintiff further alleges there is no documentation stating that any other officer witnessed or observed Mr. Young exhibit intoxicating behaviors. (Dkt. 37 ¶¶ 75, 90, 101, 143). Plaintiff has not directed this Court's attention to any authority that would require documentation of

intoxication by more than one witness. Moreover, as depicted in Plaintiff's Exhibit A, multiple officers responded to the scene of Plaintiff's arrest. APPX. F. The inclusion of their observations *on any aspect* of the incident was not included in the Incident Report. Plaintiff would have the Court believe that this equates to disagreement with Landry's observations. Plaintiff, however, has no evidence to support this speculative leap. Moreover, Landry's contemporaneous statements on the scene support his assertion in the warrant that he smelled alcohol on Plaintiff's Breath.[7] Finally – and tellingly – not once in Plaintiff's 73-page Amended Complaint does he deny that he consumed alcohol on the night of the incident. *See, generally,* Dkt. 37.

Contrary to Plaintiff's assertions, the warrant affidavits do not misrepresent the facts and circumstances supporting the finding of probable cause. APPX. A-D. Rather, Plaintiff's own admissions that he engaged in the conduct that resulted in the initial traffic stop (Dkt. 37 ¶ 68) and Plaintiff's Exhibit A confirm the contents of the warrant affidavits. APPX. F.

Plaintiff also makes the conclusory assertion that "Defendants would not have arrested Mr. Young but for his questioning of Defendant Landry's conduct and the legal basis of his requests," "[b]y arresting Mr. Young and deliberately fabricating evidence, deliberately causing evidence to be fabricated, and deliberately agreeing to fabricate evidence against him because of his speech, Defendants impermissibly retaliated against him in violation of his clearly established First Amendment rights," and "[b]ut for Mr. Young's engagement in constitutionally protected activity, Defendants would not have arrested and fabricated false evidence to incriminate him." (Dkt. 37 ¶¶ 268-69, 271). Plaintiff's conclusory assertions and speculation about Defendants' motivations are not entitled to the assumption of truth. *Thornton v. Lymous*, 850 F. App'x 320, 322 (5th Cir. 2021) ("'speculation from the stated facts' need not be

---

[7] Landry believed that Plaintiff had been drinking before he was pulled over (APPX. F at 16:19), and that he could smell alcohol on Plaintiff (*Id*. at 17:54).

considered true" regarding officer's supposed lack of probable cause; affirming Rule 12(b)(6)

dismissal of *Franks* claim); see also *Marks v. Hudson*, 933 F.3d 481, 488 (5th Cir. 2019) ("The

allegation that the [warrant affiant 'knew' her statement was false is also not well-pled as it is

simply a claim."). Moreover, as discussed in greater detail in Section II(E), *infra*, there is

insufficient evidence to establish a violation of the First Amendment.

Plaintiff cites *Espinal v. City of Houston* in support of his claim of a *Franks* taint, but this

case further demonstrates that Plaintiff has failed to meet his burden. In *Espinal*, the Court held

that "[m]erely invoking the taint exception is not enough." *Espinal v. City of Houston*, 96 F.4th

741, 746 (5th Cir. 2024), citing *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019)

(explaining "all broth and no beans" will not suffice to establish the exception). Rather, "a

plaintiff must show that the official's malicious motive led [him] to withhold relevant

information or otherwise misdirect the independent intermediary by omission or commission."

To survive a motion to dismiss, a plaintiff must at least allege "facts supporting [an] inference"

of such wrongdoing." *Id.* (internal citations omitted). Other than his own conclusory and

unsupported allegations that Landry fabricated evidence in retaliation for Plaintiff exercising his

First Amendment rights, Plaintiff has offered no facts to support this allegation of wrongdoing.

(Dkt. 37 ¶¶ 268-69, 271).

Plaintiff further asserts that Defendants omitted exculpatory evidence from inclusion in

the affidavits, a list totaling 16 items. (Dkt. 37, ¶ 103). Plaintiff, however, fails to demonstrate

how the omission of these "exculpatory facts" was material to the determination of probable

cause or how they relate to the elements of the offense. "Without showing that affiant [Officer]'s

allegedly misleading representations were necessary to the finding of probable cause,

[Plaintiff]'s Fourth Amendment claim fails." *Thornton*, 850 F. App'x at 322 (cleaned up) (citing

*Winfrey*, 901 F.3d at 494-95). The alleged omissions that Plaintiff cites were neither exculpatory nor material. Even if the claimed omissions were included, it would not change the outcome. The remaining portions of the affidavit still clearly support probable cause.

Plaintiff's claims are not viable as: 1) he has failed to plead facts - other than conclusory statements - that could show that Defendants lacked probable cause for arresting him for driving while intoxicated, and 2) he has failed to plead facts that could explain why the independent-intermediary doctrine would not insulate Defendants from liability. For all of these reasons, Rule 12(b)(6) dismissal of Plaintiff's Fourth Amendment-based claims is appropriate. *Graves v. Mahoning Cty.*, 821 F.3d 772, 776 (6th Cir. 2016) (affirming Rule 12(b)(6) dismissal of Fourth Amendment false arrest claim, citing *Brower v. Cty. of Inyo*, 489 U.S. 593, 598 (1989)).

### d.    Other Violations

In their previously filed Motion to Dismiss, Defendants demonstrated that there was probable cause to arrest Plaintiff for the Penal Code violations of Failure to Identify and Resisting Arrest. (Dkt. 21). In its Order dated September 12, 2024, this Court determined that there was probable cause to determine that Plaintiff had committed these violations (Dkt. 34 pp. 15-17, Sect. IV(C)(3)). In his Amended Complaint, Plaintiff has reasserted his cause of action for false arrest. (Dkt. 37, p. 6 Count V, p. 65 Count V ¶¶ 276-281). Plaintiff has alleged no additional material facts to dispute that there was probable cause to arrest him for Failure to Identify and Resisting Arrest. As such, the section of Defendants' previously filed Motion to Dismiss addressing Other Violations is incorporated herein pursuant to the provisions of Rule 10 of the Federal Rules of Civil Procedure. (Dkt. 21, Sect. II(B)(1)(b)).

**e.** **Dismissal of Criminal Charges is Irrelevant to the Probable Cause Analysis**

Plaintiff alleges that all of the charges arising out of his arrest him were dropped. (Dkt. 37, ¶3). However, "the fact that the charges against Plaintiff were ultimately dismissed is irrelevant to the probable cause analysis, which focuses on what the officer could have reasonably believed as to whether there was probable cause for an arrest at the time of the arrest." *Esquivel v. Eastburn*, No. SA-20-CV-00377-OLG, 2021 WL 1667132, at *4 (W.D. Tex. Apr. 8, 2021). "[A] peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S 547, 555 (1967).

With respect to the DWI charges, Plaintiff continually asserts that they were dismissed because "[t]he State will be unable make a prima facie case" (Dkt. 37, p. 14) thereby demonstrating that 1) the underlying incident reports, affidavits, and warrants were determined to be invalid due to falsifications and lies (*Id*. at ¶¶ 9, 12, 17, 46, 145, 153, 160, and 175), and 2) the criminal court determined that there was no evidence to support reasonable suspicion/probable cause (*Id*. at ¶¶ 4, 5, 17, 46, 70, 141, 173, 195, and 304; p. 13 fn. 22, p 31 fn. 49 ). The criminal court made no such finding, and Plaintiff has presented no evidence in support of these unsupported and conclusory allegations. (Dkt. 37, p. 14).

Further, "the State's later averment that it could not make a prima facie case against him shows no more than insufficient evidence to convict. 'A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.' *Williams v. State*, 767 S.W.2d 872, 874 (Tex.App.-Dallas 1989, pet. ref'd) (en banc). Thus, the State's inability to make a prima facie case signifies only insufficient evidence, not

false or mistaken information" *Collin Cnty. Crim. Dist. Attorney's Off. v. Akhavan*, No. 05-10-00153-CV, 2011 WL 2028219, at \*3 (Tex. App. May 25, 2011).

A seizure/arrest is constitutional if supported by probable cause, and probable cause requires a determination whether, at the moment of arrest, the facts and circumstances within the police officer's knowledge and of which the police officer had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed, or was committing, an offense. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 and n. 7 (5th Cir. 1994) It does not matter what crime is alleged, as long as defendant had probable cause to arrest plaintiff for another offense. *Id.* at 1017. Further, if an officer "has probable cause to believe that an individual has committed even a very minor criminal offense [misdemeanor] in his presence he may, without violating the Fourth Amendment, arrest the offender." At*water v. City of Lago Vista*, 532 U.S. 318, 354, 49 L.Ed.2d 549, 121 S.Ct. 1526 (2001).

### 2. Excessive Force

In his Original Complaint, Plaintiff alleged a cause of action for excessive force. (Dkt. 3, p. 2 sect. I). In his Amended Complaint, Plaintiff appears to have abandoned said cause of action as excessive force is not explicitly listed amongst Plaintiff's seven (7) stated causes of action. (Dkt. 37, p. 6). Plaintiff, however, makes reference to the use of excessive force against him by Defendants. (Dkt. 37, p. 44 Sect. VII, p. 45 fn. 101, ¶¶ 61, 169). Plaintiff, however, has asserted no additional material facts in support of said claim. As such, out of an abundance of caution, the section of Defendants' previously filed Motion to Dismiss addressing Plaintiff's claim of Excessive Force is incorporated herein pursuant to the provisions of Rule 10 of the Federal Rules of Civil Procedure. (Dkt. 21, Sect. II(B)(2).

### C. Malicious Prosecution

In his complaint, Plaintiff asserts a cause of action against Defendants for "deliberately fabricating evidence to frame Mr. Young in violation of the Fourteenth Amendment's Due Process Clause," (Dkt. 37, p. 58, Count I), which includes allegations of "Defendants' deliberate fabrication of evidence that they submitted to at least one judge, one prosecutor, and one magistrate related to his detention and arrest," (Dkt. 37, ¶¶ 239-247). Plaintiff reiterates these claims in Count III. (Dkt. 37, p. 62). As discussed in greater detail in Section II(F), *infra*, pretrial deprivations of constitutional rights should be addressed under the Fourth Amendment. To state such a claim, Plaintiff must allege the threshold elements of an unlawful Fourth Amendment seizure, as well as the following elements: (1) the commencement or continuance of an original criminal proceeding against Plaintiff (who was the defendant in the criminal case); (2) that Defendants caused the criminal proceeding; (3) the criminal proceeding's bona fide termination in favor of Plaintiff; (4) the absence of probable cause for the criminal proceeding; (5) Defendants' malice; and (6) damages. *Armstrong v. Ashley*, 60 F. 4th 262, 278-79 (5th Cir. 2023). As discussed in Sections II(B)(1)(a), (b), and (d) on probable cause, *supra*, Plaintiff cannot meet his threshold requirement of properly alleging a Fourth Amendment violation or show that Defendants lacked probable cause. (Dkt. 3, ¶¶ 28, 31, 33-35). Plaintiff also does not present any factual allegations to allege that Defendants acted with the requisite malice.

Assuming *arguendo* that Plaintiff was able to establish the elements of a malicious prosecution claim, he must also show that Defendants violated a right that was "'clearly established' at the time of the challenged conduct." *Lincoln v. Turner*, 874 F.3d 833, 847-48 (5th Cir. 2017); *see also Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011).

Plaintiff was arrested and charged on June 25, 2021. (Dkt. 22; APPX. E, F). At the time, the Fifth Circuit did not recognize malicious prosecution claims - it was firmly established that there "is no Fourth Amendment claim for malicious prosecution." *See Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020) (explaining that "an en banc majority of this court extinguished the constitutional malicious-prosecution theory" in *Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003) (en banc)); *see also Anokwuru v. City of Hous.*, 990 F.3d 956, 964 (5th Cir. 2021).

In *Thompson v. Clark*, 596 U.S. 36 (2022), the Court presupposed the possibility of a Fourth Amendment claim for malicious prosecution. *Id*. at 49; *see Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) ("[*Thompson*] overrul[ed] our precedent in *Castellano*."). *Thompson*, however, was not decided until 2022, and the Fifth Circuit did not hold that *Thompson* abrogated its precedent until 2023. *Armstrong*, 60 F.4th at 279. In this exact situation - a claim of malicious prosecution based on charges filed before *Thompson* - the Fifth Circuit held that "a claim that [the Court] had expressly not recognized is the antithesis of a clearly established one." *Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *6 (5th Cir. Apr. 14, 2023)(quoting *Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1096 (5th Cir. 2022)) (cleaned up); *see also Guerra v. Castillo*, 82 F.4th 278, 288–89 (5th Cir. 2023)(affirming dismissal of Plaintiff's malicious prosecution claim).

Because Plaintiff's right against malicious prosecution was not clearly established in 2021, Defendant Landry, Hammett, and Phillips are entitled to qualified immunity from Plaintiff's malicious prosecution claim. *See id*.

**D.      Failure to Intervene**

In his Amended Complaint, Plaintiff has asserted a cause of action against Defendants for Failure to Intervene. (Dkt. 37, p. 66, Count VI). In support of same, Plaintiff has alleged that 1)

Defendants knew or should have known that they and others were violating his constitutional rights (*Id*. ¶ 283), 2) Defendants each had multiple reasonable opportunities to intervene and prevent these violations but, acting with deliberate indifference, declined to do so (*Id*. ¶ 284), and 3) Defendants' failure to intervene and deliberate indifference violated his clearly established constitutional rights (*Id*. ¶ 285).

As with all of his other allegations, Plaintiff pleads claims of failure to intervene with an impermissibly broad brush. To successfully plead a bystander liability claim, Plaintiff's Complaint must show that Defendants (1) knew a fellow officer was violating Plaintiff's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm to Plaintiff, but (4) chose not to act. *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Mere presence in the vicinity of the violation is insufficient. *Id*. Rather, bystander liability requires the officer acquiesce to the constitutional violation. *McDonald v. McClelland*, 779 Fed. Appx. 222, 227 (5th Cir. 2019) ("Bystander liability cannot attach if the officer did not know about and acquiesce in the constitutional violation.") Moreover, "when qualified immunity is asserted, the plaintiff must point to clearly established law that would require intervention under the circumstances." *Id*. In his Complaint, Plaintiff has cited to no authority to establish that the particular facts he alleges as to Defendants violate any clearly established law. Moreover, Plaintiff has failed to establish an underlying constitutional violation.

In addition, Plaintiff was required and failed to plead that Defendants were actual bystanders present and witnessing constitutional violations against Plaintiff. See *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Plaintiff's Amended Complaint does not allege that Phillips was present when the constitutional violation occurred. Consequently, Phillips had no

opportunity to prevent the alleged constitutional violation, or, at the least, the Court cannot infer from the alleged facts before it that Phillips had a reasonable opportunity to intervene. Plaintiff's unsupported assertions are not facts showing Phillips had a reasonable opportunity to intervene or that he acquiesced to any violations. See *Montgomery v. Hollins*, 3:18-CV-1954-M-BN, 2019 WL 2424053, at *4 (N.D. Tex. May 8, 2019), report and recommendation adopted, 3:18-CVV-1954-M-BN, 2019 WL 2422493 (N.D. Tex. June 10, 2019) ("to determine whether Montgomery has plausibly alleged a bystander liability claim against a particular officer, in addition to alleging that officer's presence, Montgomery must also allege facts to show - or from which the Court may reasonably infer - that the officer's presence related to the allegedly excessive force alerted that officer to act and gave that officer time to intervene.").

### E.  First Amendment Claims

To state a First Amendment retaliation claim, plaintiff must demonstrate that: (1) he was engaged in constitutionally protected activity; (2) the officer's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the officer's adverse actions were substantially motivated against their exercise of constitutionally protected activity. *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021). Plaintiff fails to plead sufficient facts to support the first and third elements: he was not engaged in, and the officers' actions were not motivated by, constitutionally protected speech. As discussed in greater detail in Section II(B)(1)(a), *supra*, there was reasonable suspicion for Landry to contact Plaintiff for a violation of the Transportation Code. Further, Landry stopped Plaintiff for the Transportation Code violation prior to any allegedly-protected speech being uttered by Plaintiff. As such, Plaintiff fails to establish that Defendants' actions were substantially motivated by Plaintiff's speech and not his actions.

Moreover, "[i]f [probable cause] exists, any argument that the arrestee's speech as opposed to [his] criminal conduct was the motivation for [his] arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Russell*, 546 F.App'x at 436-37 (quoting *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008)); see also *Westfall v. Luna*, 903 F.3d 534 (5th Cir. 2018) (if probable cause to arrest exists, any argument that an arrestee's speech as opposed to his/her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment). As discussed in greater detail in Section II(B)(1)(a), (b), and (d), *supra*, there was probable cause to arrest Plaintiff for multiple violations of the Transportation and Penal Codes.

Finally, Plaintiff cites the case of *Davis v. Young* in support of his proposition that "[t]he freedom of individuals to verbally oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Davis v. Young*[8], No. 3:22-CV-439-TSL-RPM, 2024 WL 1975468, at *7 (S.D. Miss. May 3, 2024). In *Davis*, the plaintiff was arrested under Mississippi's public profanity statute for cursing at the police officer defendant, which makes it a misdemeanor for any person to "profanely swear or curse, or use vulgar and indecent language ... in any public place, in the presence of two (2) or more persons." *Id*. at *6. In denying qualified immunity, the Court noted that it was not persuaded that an officer in defendant's position could have reasonably believed there was probable cause for plaintiff's arrest for public profanity and/or disorderly conduct, because the law is "clear that "[i]n Mississippi, a person cannot be arrested for 'resisting arrest, disorderly conduct, public profanity, [or] disturbing the peace' simply for cursing out a law enforcement officer." *Id*. at *6-7.

---

[8] As cited in Plaintiff's Amended Complaint. Dkt. 37, p. 37 n. 63.

In this matter, Plaintiff was not arrested for questioning or cursing at a police officer. Rather, there was reasonable suspicion to contact him for a violation of the Transportation Code, and there was probable cause to arrest him for violations of the Penal Code. Assuming *arguendo* that Plaintiff's questioning of Landry was protected conduct, he was not charged or arrested for same. As such, Plaintiff's First Amendment claim fails.

**F. Fourteenth Amendment Claims**

To the extent Plaintiff asserts Fourteenth Amendment due process, unlawful arrest, malicious prosecution, failure to intervene, free speech, and civil conspiracy claims related to his arrest or prosecution, such claims "must fail." *Wilson v. Birnberg*, 667 F.3d 591, 599 (5th Cir. 2012). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (cleaned up). This is true for free speech claims under the First Amendment. *Wilson*, 667 F.3d at 599. It is also true for Plaintiff's claims of unreasonable seizure or excessive force under the Fourth Amendment. See *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020). The Supreme Court has held "that where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of substantive due process.'" *Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff cannot state a Fourteenth Amendment claim based on allegations that are controlled under Fourth Amendment standards. See *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022); see also *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010) (dismissing plaintiff's

Fourteenth Amendment claims because alleged pretrial deprivations of constitutional rights should be addressed under the Fourth Amendment).

**III.     Conspiracy Claims**

In his Original Complaint, Plaintiff alleged a cause of action for conspiracy. (Dkt. 3, p. 2, Section I, Count I), which this Court dismissed in its Order dated September 12, 2024. (Dkt. 34, pp. 23-25, Sect. IV(F)). In his Amended Complaint, Plaintiff has reasserted his cause of action for conspiracy. (Dkt. 37, p. 6 Count V, p. 65 Count V ¶¶ 276-281). Plaintiff has alleged no additional material facts in support of said claim. As such, the section of Defendants' previously filed Motion to Dismiss addressing Plaintiff's claim of Conspiracy is incorporated herein pursuant to the provisions of Rule 10 of the Rules of Civil Procedure. (Dkt. 21, Sect. III).

<b>CONCLUSION</b>

The facts alleged within Plaintiff's First Amended Complaint do not constitute the violation of any right protected by the Constitution or laws of the United States, and as such, the claims must be dismissed for failure to state a claim for which relief can be granted. Moreover, even if Plaintiff's First Amended Complaint alleged facts of a violation of federally protected rights, Defendants are entitled to dismissal of Plaintiff's claims against them because of their entitlement to qualified immunity.

WHEREFORE, PREMISES CONSIDERED, Defendants Landry, Hammett, and Phillips, sued in their individual capacities, respectfully pray that: (1) the Court grant Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's claims; (2) Plaintiff take nothing by this suit; (3) all relief requested by Plaintiff be denied; (4) Defendants recover all costs of suit and attorney's fees; and (5) for such other and further relief, general or special, at law and in equity, to which they may be justly entitled.