**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| DeRonnius R. Young, | § | Civil Action No. 3:23-CV-01423-D |
| Plaintiff, | § | |
| v. | § | |
| The City of Irving, et. al, | § | |
| Defendant(s). | § | |
| | § | |

### Plaintiff's RESPONSE IN Opposition to Defendants' Motion to Dismiss

COMES NOW, Plaintiff submits his opposing response to Defendants' Motion to Dismiss for failure to state a claim.

### I.    Factual Allegations

This is a federal Civil Rights case originally filed by a college student after his First, Fourth, and Fourteenth Amendment rights were violated when he was pulled over without reasonable suspicion and erroneously arrested for DWI/Resist Arrest/Failure to ID based on material fabrications included in the probable cause application/arrest warrant/blood extraction application submitted by various Irving police officers.[1]

---

[1] Mr. Young never represented himself as a lawyer. Mr. Young is a risk management professional with an novice legal background. Mr. Young is a distressed citizen seeking assistance from his local government for constitutional violations. He is not a litigator and has never sought a career in litigation.

Plaintiff brings this suit for redress after four years of reaching out to Defendants for help with overcoming the various injuries he has suffered as a result of this unfortunate and invalidated arrest.

Plaintiff was forced to seek legal remedies because Defendants have been unresponsive to his many pleas for assistance with extensive medical treatment and the corresponding legal fallout related to his arrest, which was invalidated in a final order by Dallas County Criminal Court 5 back in April 2023 for lack of evidence/probable cause to support the underlying arrest.

## II.    Plaintiff's Exhibits

Defendants make various complaints about Plaintiff's exhibits and have graciously provided complete copies of all referenced material. However, Mr. Young is not a lawyer and each and every piece of evidence he presented originated and is maintained by the Defendants. So, he is confused why Defendants would raise this point.

More importantly, Mr. Young acknowledges that Defendants have failed to provide the principal body-cam video evidence at-issue showing Defendant Sgt. Landry <u>witnessing</u> Mr. Young *"driving on the wrong side of the road multiple times, while sounding his horn continually."* (Dkt. 37, pgs. 9-11, Ex: 4-5).[2]

Defendants have repeatedly failed to produce the principal body-cam video evidence because it does not exist and is the primary cause of action for which Plaintiff seeks redress. Mr. Young's entire claim arises from the irrefutable fact that Defendant Sgt. Landry initiated a traffic stop without reasonable suspicion; then, intentionally lied to the magistrate judge in the sworn documentation, which was the basis of Mr. Young's detention/seizure/search/DNA extraction/arrest. (Dkt. 37, Pgs. 9-12 Exh. 1-5).

---

[2] This statement is directly at-issue because this is what Defendant Sgt. Landry swore he observed before detaining Mr. Young. Mr. Young's entire case arises based on the fact that Landry intentionally lied about Mr. Young's driving behavior; then, retaliated against him for rejecting his false claims.

**III.** **DCDAO and Dallas County Criminal Court 5 have already determined that there was no VALID evidence to support the arrest because they terminated all charges for 'failure to establish prima facie.'** (Dkt. 37, Exh: 2-3).

Plaintiff has proven that the criminal court determined that there was no evidence to support Defendant officers' sworn statements submitted in their probable cause application/arrest warrant/DWI documentation. (Dkt. 37, Exh. 2-3) Therefore, the criminal court's final determination to invalidate Mr. Young's detention/arrest is relevant and a dispositive fact in the pending civil suit. (*.Id*)

Defendants fail to concede that the criminal court's final determination is dispositive; they also fail to concede that this fact is not at-issue in the pending civil dispute.

Nevertheless, Plaintiff has sufficiently shown that Defendant officers fabricated the probable cause application/arrest warrant/investigation reports. (Dkt. 37, pgs. 35-7).

Plaintiff repeatedly shows that Landry intentionally fabricated statements about his observations, which were the material facts included in the probable cause application/arrest warrant/DNA extraction documentation. (Dkt. 37, pgs. 9-11, Ex: 4-5).

Plaintiff has proven that all charges were terminated because there was no valid evidence to support an arrest or to sustain charges. (*.Id*)

Plaintiff repeatedly states that a detention/search/seizure/arrest is VOID when it is made in violation of the First, Fourth, or Fourteenth Amendment. (Dkt. 37, pgs. 9-11, Ex: 4-5; pgs. 35-7).

**IV.** **Plaintiff has sufficiently shown First, Fourth, and Fourteenth Amendment violations.**

Plaintiff sufficiently states that Defendant Sgt. Landry made false statements about his observations of Mr. Young's driving behavior in order to initiate a traffic stop because the criminal court already made a final judgement that there was no valid evidence to support Defendant officers' fabricated statements about Mr. Young's driving behavior. (Dkt. 37, pgs. 9-11, Ex: 4-5).

Plaintiff has proven that there is no evidence to support Defendant Landry's sworn statements about his observations/reasons for initiating a traffic stop, which violated Mr. Young's Fourth

Amendment protections against unreasonable detention/search/seizure/DNA-extraction. (Dkt. 37, Exh.1-5, pgs. 58-60, ¶¶'s 237-48).

Plaintiff has never conceded to *"driving on the wrong side of the road multiple times, while sounding his horn continuously." (. Id*)[3]

Plaintiff has sufficiently shown that Defendant Sgt. Landry's initial traffic stop was unjustified because the criminal court and the defense attorney attested to the fact that there was no evidence to support the claims made in the officers' sworn documentation submitted to the magistrate judge. (Dkt. 37, Pgs. 35-7, Exh.12).

Plaintiff has named witnesses who can testify to Landry's history of misconduct. (Dkt. 37, Exh. 15). Plaintiff has provided evidence from his criminal attorney that the arrest was invalid and lacked probable cause. (Dkt. 37, EXh. 16).

Plaintiff has also sufficiently shown that the arrest was based on false statements and fabricated evidence of Mr. Young's driving behavior. (Dkt. 37, Exh. 12).

Plaintiff has proven that Defendants retaliated against him for challenging Landry's unlawful detention in violation of the First and Fourth Amendments when Sgt. Landry became aggravated with Mr. Young because he refused to concede to Landry's false claims that he observed Mr. Young *"driving on the wrong side of the road multiple times, while sounding his horn continuously."*. (.*Id*)

Plaintiff has proven that he was detained/arrested/seized/searched without Due Process as required by the Fourteenth Amendment because there was no evidence to corroborate Defendant officers' sworn statements that Landry <u>observed</u> Mr. Young *"driving on the wrong side of the road multiple times, while sounding his horn continuously."* (Dkt. 37, pgs. 18-24, Exh. 5-13).

Plaintiff has sufficiently shown that the magistrate judge's determination was based on unsubstantiated evidence in the probable cause application/arrest warrant/DWI documentation. (Dkt. 37, pgs. 18-24, Exh. 5-13).

---

[3] This statement is directly at-issue because this is what Defendant Sgt. Landry swore he observed before detaining Mr. Young. Mr. Young's entire case arises based on the fact that Landry intentionally lied about Mr. Young's driving behavior; then, retaliated against him for rejecting his false claims, which resulted in the invalidated arrest.

Plaintiff has sufficiently shown that Qualified Immunity does not apply in cases of intentionally fabricated or otherwise erroneous arrest warrants/probable cause applications/DWI documentation because he has demonstrated that Defendant officers intentionally made false statements in their sworn statements to the magistrate judge. (Dkt. 37, pgs. 39-41).

Plaintiff has grossly demonstrated that Defendant Sgt. Landry initiated an unjustified traffic stop when he made false statements to the magistrate judge that he observed Mr. Young *"driving on the wrong side of the road multiple times, while sounding his horn continuously." (.Id).*

Plaintiff has provided overwhelming evidence that Defendant officers conspired to erroneously charge Mr. Young with DWI, Failure to ID, and Resist Arrest based on Landry's false statements of Mr. Young's driving behavior, which caused other officers to immediately taze and arrest Mr. Young, even though he called 9-11 for assistance because he reasonably feared for his safety. (Dkt. 37, pgs. 35-42).

Plaintiff has sufficiently proven municipal liability for failure to supervise, intervene, and manage because The City of Irving is the supervising organization for Irving Police/Internal Affairs. As such, Plaintiff has also sufficiently stated that The City of Irving manages and controls the IPD/Internal Affairs as stated in its official Charter. Furthermore, Plaintiff has shown that the city of Irving has actual and constructive knowledge of its subordinate organizations' business processes, like blood extractions, warrants, probable cause applications, and complaints management processes as expressly stated in its Charter. Plaintiff also states that Defendant city is the final decision-maker with policy-making power, which is exercised through its legislative body--the city-council (Dkt. 37, pgs. 49-58).

Defendant John Phillips is personally involved as he was the supervisor overseeing the complaints management process and confirmed that his investigation was based on material fabrications included in the sworn statements submitted to the magistrate judge. (*.Id*)

Plaintiff has sufficiently shown municipal liability and deliberate indifference because the City of Irving's official policies, outlined in its Charter, act as the driving force behind permissive customs of fabricated warrant applications, probable cause affidavits, and blood extraction warrants within it's subordinate organizations—IPD/Internal Affairs. Plaintiff also states a trend

of decreased police accountability for the last five years. Finally, Plaintiff sufficiently states that police officers who are managed/promoted/controlled by the city council are incentivized to fabricate sworn statements. (Dkt. 37, pgs. 49-58).

**V.      Conclusion**

Defendants' flagrant disregard for their professional obligations, the court system, the rule of law, and Mr. Young's basic dignity led to very real pain, fear, and material costs for Mr. Young.

When a government official knowingly, intentionally, purposely, or either with reckless disregard, includes false and otherwise misleading information in a probable cause application, and those same false statements are used as the basis of prosecution, § 1983 invalidates the criminal prosecution pursuant to the Fourteenth Amendment.

Therefore, it is well-known that an officer cannot break the law in order to enforce the law. It is also well-known that citizens are protected from unreasonable government intrusion.

In this case, Defendant Landry lacked reasonable suspicion to initiate a traffic stop because he intentionally lied about his observations of Mr. Young's driving behavior. Then, when Mr. Young refused to admit to Landry's false accusations, Landry retaliated and directed his subordinates, Hammet and Does, to initiate an arrest and DNA extraction based on his false statements.

However, DCDAO terminated all prosecution against Mr. Young because there was no evidence to support Defendant officers' claims about Landry's observations. Defendant officers acted collectively to defraud the magistrate judge into approving the affidavits and warrant applications because the approval was based on the intentionally fabricated evidence.

Thereafter, Defendant City, acted with full control of its administrative processes, relied on the same false statements to file criminal charges, arrested Mr. Young, and authorized a DNA

extraction. Finally, Defendant City, also relied on the same false statements to dismiss Mr. Young's Complaint against Defendant officers. (Dkt. 37, pgs. 68-70).

Based on the foregoing facts, Defendants' Motions to Dismiss should be denied because Plaintiff sufficiently states a § 1983 claim for violation of his First, Fourth, and Fourteenth Amendment rights when he was (1) pulled over without reasonable suspicion, (2) retaliated against for challenging Defendant Sgt. Landry, (3) tazed and arrested based on material fabrications, and (4) suffered physical and various other injures as a result of Defendants' willful reliance on materially false statements.

Plaintiff has contacted Defendants seeking private settlement & release based on health and safety reasons confidentially disclosed to Defendants in private communications.

Dated: 12.17.24        Respectfully submitted,
       Dallas, TX

By: *DeRonnius R. Young*

 *Pro se* Litigant


Respectfully submitted,

By: DeRonnius R. Young, *Pro se* Litigant

dryoung@smu.edu

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Extend Deadline and enclosed documents was served by electronic service on 12.17.24 on opposing counsel and defendants.

**Saul Pedregon**
Irving City Attorney
825 W Irving Blvd
Irving, TX 75060
972-721-2541
Email: spedregon@cityofirving.org
*LEAD ATTORNEY*

**Jason D McClain**
City of Irving
825 West Irving Blvd
4th Floor
Irving, TX 75060
972-721-3655
Fax: 972-721-2750
Email: jmcclain@cityofirving.org
*ATTORNEY TO BE NOTICED*