| | | |
|---|---|---|
| DERONNIUS R. YOUNG, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:23-CV-1423-D** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **ECF** |
| **THE CITY OF IRVING, TEXAS, et al.** | § | |
| | § | |
| **Defendants.** | § | |

## CITY OF IRVING'S ORIGINAL ANSWER

Defendants Adam Landry ("Landry") and Andrew Hammett ("Hammett") file this Original Answer in response to Plaintiff's First Amended Complaint.[1] To the extent possible, Defendants have numbered and entitled their paragraphs to correspond to the numbers and titles of the paragraphs in Plaintiff's First Amended Complaint. Defendants respectfully show the Court:

### I. NATURE OF THE CASE

1. Defendants deny the allegations in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants deny the allegations in paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of Plaintiff's First Amended Complaint.

---

[1] Via its *Memorandum Opinion and Order* dated March 21, 2025 [Dkt.47], the Court granted Defendants' City of Irving and John Phillips respective motions to dismiss; all claims against the City and Phillips which were dismissed via *Judgment* [Dkt.48] that same date.

5. Paragraph 5 contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants deny the allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendants deny the allegations in paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant admits that Plaintiff filed a complaint with the Irving Police Department Internal Affairs Division. Defendants deny the remainder of the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

## II.     INDEX OF COUNTS

Count I.     Defendants deny the allegations in Count I of Plaintiff's First Amended Complaint.

Count II. Defendants deny the allegations in Count II of Plaintiff's First Amended Complaint.

Count III. Defendants deny the allegations in Count III of Plaintiff's First Amended Complaint.

Count IV. Defendants deny the allegations in Count IV of Plaintiff's First Amended Complaint.

Count V. Defendants deny the allegations in Count V of Plaintiff's First Amended Complaint.

Count VI. Defendants deny the allegations in Count VI of Plaintiff's First Amended Complaint.

Count VII. Defendants deny the allegations in Count VII of Plaintiff's First Amended Complaint.

## A. JURISDICTION AND VENUE

20. Concerning the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's federal claims.

21. Concerning the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit that venue is proper herein.

## B. PARTIES

22. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants admit the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant admits that the Irving Police Department is a department of the City of Irving. Defendants deny the remainder of the allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant admits that the Irving Police Department is a department of the City of Irving. Defendants deny the remainder of the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants admit the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants admit that Defendant Adam Landry is a peace officer employed by the City of Irving Police Department. Defendants admit that Landry is a resident of Texas. Defendants admit that service upon an individual may be effected by delivering a copy of the summons and of the complaint to the individual in the manner prescribed by the laws of that state. Defendants deny the remainder of the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants admit that Defendant Andrew Hammett is a peace officer employed by the City of Irving Police Department. Defendants admit that Hammett is a resident of Texas. Defendants admit that service upon an individual may be effected by delivering a copy of the summons and of the complaint to the individual in the manner prescribed by the laws of that state. Defendants deny the remainder of the allegations in paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 30 of Plaintiff's First Amended Complaint.

### C.    FACTUAL ALLEGATIONS

31. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

**I.    DCDA Determined that Defendant Sgt. Landry Initiated an Unlawful Traffic Stop when He Lied about His Personal Observations of Mr. Young's Driving.**

32. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants admit the allegations in paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendants admit that Plaintiff pulled over and parked behind Bar Louie. Defendants deny the remainder of the allegations in paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants admit that Plaintiff exited his vehicle. Defendants deny the remainder of the allegations in paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 47 of Plaintiff's First Amended Complaint.

**II. Mr. Young Questioned Defendant Landry's Conduct, and Landry Retaliated by Sponataneously Arresting Him.**

48. Defendants deny the allegations in paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendants admit that Plaintiff called 9-1-1 and asked to speak to a supervisor. Defendants deny the remainder of the allegations in paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendants admit that Defendant Landry advised Plaintiff that he was a supervisor. Defendants deny the remainder of the allegations in paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52.	Defendants deny the allegations in paragraph 52 of Plaintiff's First Amended Complaint.

53.	Defendants deny the allegations in paragraph 53 of Plaintiff's First Amended Complaint.

54.	Defendants deny the allegations in paragraph 54 of Plaintiff's First Amended Complaint.

55.	Defendants admit that Defendants arrested Plaintiff and placed him in a squad car. Defendants deny the remainder of the allegations in paragraph 55 of Plaintiff's First Amended Complaint.

56.	Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 56 of Plaintiff's First Amended Complaint.

57.	Defendants deny the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58.	Defendants deny the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59.	Defendants deny the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

60.	Defendants deny the allegations in paragraph 60 of Plaintiff's First Amended Complaint.

61.	Defendants deny the allegations in paragraph 61 of Plaintiff's First Amended Complaint.

**III.	Defendants Landry, Hammett, and Does Deliberately Fabricated Evidence to Frame Mr. Young.**

62.	Defendants admit that Hammett submitted an affidavit for search warrant to Judge Austria to obtain a sample of Plaintiff's blood. Defendants deny the remainder of the allegations in paragraph 62 of Plaintiff's First Amended Complaint.

63.	Defendants admit that Hammett signed the affidavit. Defendants deny the remainder of the allegations in paragraph 63 of Plaintiff's First Amended Complaint.

64.	Defendants deny the allegations in paragraph 64 of Plaintiff's First Amended Complaint.

65.	Defendants admit that the affidavit stated that Plaintiff "[w]as driving on the wrong side of the road multiple times while continually honking the horn." Defendants deny the remainder of the allegations in paragraph 65 of Plaintiff's First Amended Complaint.

66.	Defendants deny the allegations in paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendants admit that Plaintiff conceded to honking his horn. Defendants deny the remainder of the allegations in paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendants admit that the affidavit states that Landry smelled the odor of alcohol emanating from the Plaintiff. Defendants deny the remainder of the allegations in paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 77 of Plaintiff's First Amended Complaint.

78. Defendants deny the allegations in paragraph 78 of Plaintiff's First Amended Complaint.

79. Defendants deny the allegations in paragraph 79 of Plaintiff's First Amended Complaint.

80. Defendants deny the allegations in paragraph 80 of Plaintiff's First Amended Complaint.

81. Defendants deny the allegations in paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendants admit that the affidavit states that Plaintiff refused to perform any SFSTs. Defendants deny the remainder of the allegations in paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of Plaintiff's First Amended Complaint.

84. Paragraph 84 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 85 of Plaintiff's First Amended Complaint.

86. Paragraph 86 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 86 of Plaintiff's First Amended Complaint.

87. Paragraph 87 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 87 of Plaintiff's First Amended Complaint.

88. Paragraph 88 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 88 of Plaintiff's First Amended Complaint.

89. Defendants deny the allegations in paragraph 89 of Plaintiff's First Amended Complaint.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's First Amended Complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's First Amended Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's First Amended Complaint.

93. Defendants deny the allegations in paragraph 93 of Plaintiff's First Amended Complaint.

94. Defendants deny the allegations in paragraph 94 of Plaintiff's First Amended Complaint.

95. Defendants deny the allegations in paragraph 95 of Plaintiff's First Amended Complaint.

96. Defendants deny the allegations in paragraph 96 of Plaintiff's First Amended Complaint.

97. Defendants deny the allegations in paragraph 97 of Plaintiff's First Amended Complaint.

98. Defendants deny the allegations in paragraph 98 of Plaintiff's First Amended Complaint.

99. Defendants deny the allegations in paragraph 99 of Plaintiff's First Amended Complaint.

100. Defendants deny the allegations in paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendants deny the allegations in paragraph 101 of Plaintiff's First Amended Complaint.

102. Paragraph 102 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 102 of Plaintiff's First Amended Complaint.

103. Defendants deny the allegations in paragraph 103 of Plaintiff's First Amended Complaint.

104. Defendants deny the allegations in paragraph 104 of Plaintiff's First Amended Complaint.

105. Defendants admit that the affidavit states that the information contained therein is accurate. Defendants deny the remainder of the allegations in paragraph 105 of Plaintiff's First Amended Complaint.

106. Defendants admit that they submitted the affidavit to a judge in order to obtain a sample of Plaintiff's blood. Defendants deny the remainder of the allegations in paragraph 106 of Plaintiff's First Amended Complaint.

107. Defendants deny the allegations in paragraph 107 of Plaintiff's First Amended Complaint.

108. Defendants admit the allegations in paragraph 108 of Plaintiff's First Amended Complaint.

109. Defendants admit that Plaintiff was transported to a medical facility where a sample of his blood was obtained and tested for intoxicants. Defendants deny the remainder of the allegations in paragraph 109 of Plaintiff's First Amended Complaint.

**D.** **At Landry's Direction, Defendant Officers Lied to the Dallas County District Attorney's Office to Mislead It into Prosecuting Mr. Young.**

110. Defendants deny the allegations in paragraph 110 of Plaintiff's First Amended Complaint.

111. Defendants admit that they submitted Plaintiff's case to the Dallas County District Attorney's Office for possible prosecution. Defendants deny the remainder of the allegations in paragraph 111 of Plaintiff's First Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of Plaintiff's First Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of Plaintiff's First Amended Complaint.

114. Defendants admit that the Dallas County District Attorney's Office agreed to accept the cases and prosecute Plaintiff for the listed offenses. Defendants deny the remainder of the allegations in paragraph 114 of Plaintiff's First Amended Complaint.

115. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 115 of Plaintiff's First Amended Complaint.

**E.** **Defendants Submitted a (Second) False Affidavit to Mislead the Court into Finding Probable Cause for the Charged Offense, Imposing Onerous Conditions of Pretrial Release, and Delaying Dismissal of the Unsupported Charge.**

116. Paragraph 116 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 116 of Plaintiff's First Amended Complaint.

117. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 117 of Plaintiff's First Amended Complaint.

118. Defendants admit that the sworn affidavits were submitted to the Dallas County District Attorney's Office for review and possible prosecution. Defendants deny the remainder of the allegations in paragraph 118 of Plaintiff's First Amended Complaint.

119.     Defendants deny the allegations in paragraph 119 of Plaintiff's First Amended Complaint.

120.     Defendants deny the allegations in paragraph 120 of Plaintiff's First Amended Complaint.

121.     Defendants deny the allegations in paragraph 121 of Plaintiff's First Amended Complaint.

122.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 122 of Plaintiff's First Amended Complaint.

123.     Defendants admit that the magistrate determined that there was probable cause to charge Plaintiff with the listed offenses. Defendants deny the remainder of the allegations in paragraph 123 of Plaintiff's First Amended Complaint.

124.     Defendants deny the allegations that they deliberately included falsehoods and omitted exculpatory information. Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 124 of Plaintiff's First Amended Complaint.

125.     Defendants deny the allegations in paragraph 125 of Plaintiff's First Amended Complaint.

126.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 126 of Plaintiff's First Amended Complaint.

> **F.      At Landry's Direction, and in collaboration with Does, Defendant Hammett Submitted a False Investigation Report.**

127.     Defendants deny the allegations in paragraph 127 of Plaintiff's First Amended Complaint.

128.     Defendants admit that Landry initiated a traffic stop because he observed Plaintiff violating multiple traffic laws. Defendants deny the remainder of the allegations in paragraph 128 of Plaintiff's First Amended Complaint.

129.     Defendants admit that the incident report states that Landry smelled a strong odor of an alcoholic beverage on Plaintiff's breath, and that Hammet had recently been sick and was still very congested so he was not able to smell anything at the time. Defendants deny the remainder of the allegations in paragraph 129 of Plaintiff's First Amended Complaint.

130. Defendants admit that the incident report states that Plaintiff would not perform SFSTs. Defendants deny the remainder of the allegations in paragraph 130 of Plaintiff's First Amended Complaint.

**IV. Mr. Young Sufficiently States a §1983 Claim for First, Fourth, and Fourteenth Amendment Violations Based on the Defendants' Willful/Collective Acts to Successfully Defraud the Magistrate Judge by Falsifying the Warrant Applications/Affidavits/Reports.**

131. Paragraph 131 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 131 of Plaintiff's First Amended Complaint.

132. Defendants deny the allegations in paragraph 132 of Plaintiff's First Amended Complaint.

133. Defendants deny the allegations in paragraph 133 of Plaintiff's First Amended Complaint.

134. Defendants deny the allegations in paragraph 134 of Plaintiff's First Amended Complaint.

135. Defendants deny the allegations in paragraph 135 of Plaintiff's First Amended Complaint.

136. Defendants deny the allegations in paragraph 136 of Plaintiff's First Amended Complaint.

137. Defendants deny the allegations in paragraph 137 of Plaintiff's First Amended Complaint.

138. Paragraph 138 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 138 of Plaintiff's First Amended Complaint.

139. Paragraph 139 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 139 of Plaintiff's First Amended Complaint.

140. Defendants deny the allegations in paragraph 140 of Plaintiff's First Amended Complaint.

141. Defendants admit that it is unreasonable for an officer to intentionally lie in order to prosecute a citizen. Defendants deny the remainder of the allegations in paragraph 141 of Plaintiff's First Amended Complaint.

142. Defendants deny the allegations in paragraph 142 of Plaintiff's First Amended Complaint.

143. Defendants deny the allegations in paragraph 143 of Plaintiff's First Amended Complaint.

144. Defendants deny the allegations in paragraph 144 of Plaintiff's First Amended Complaint.

145. Defendants deny the allegations in paragraph 145 of Plaintiff's First Amended Complaint.

146. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 146 of Plaintiff's First Amended Complaint.

147. Defendants deny the allegations in paragraph 147 of Plaintiff's First Amended Complaint.

148. Defendants deny the allegations in paragraph 148 of Plaintiff's First Amended Complaint.

149. Paragraph 149 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 149 of Plaintiff's First Amended Complaint.

**V.      In cases of Intentionally Falsified Warrant Applications and Sworn Statements, Qualified Immunity Does Not Apply.**

150. The first sentence of Paragraph 150 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. Defendants deny the remaining allegations in paragraph 150 of Plaintiff's First Amended Complaint.

151. Paragraph 151 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 151 of Plaintiff's First Amended Complaint.

152. Paragraph 152 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 152 of Plaintiff's First Amended Complaint.

153. Defendants deny the allegations in paragraph 153 of Plaintiff's First Amended Complaint.

154. Paragraph 154 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 154 of Plaintiff's First Amended Complaint.

155. Defendants deny the allegations in paragraph 155 of Plaintiff's First Amended Complaint.

156. Defendants deny the allegations in paragraph 156 of Plaintiff's First Amended Complaint.

157. Defendants deny the allegations in paragraph 157 of Plaintiff's First Amended Complaint.

158. Paragraph 158 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 158 of Plaintiff's First Amended Complaint.

## VI. Prosecution/Charges Based on Materially False Evidence are Void Under the Constitution.

159. Paragraph 159 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 159 of Plaintiff's First Amended Complaint.

160. Defendants deny the allegations in paragraph 160 of Plaintiff's First Amended Complaint.

161. Defendants deny the allegations in paragraph 161 of Plaintiff's First Amended Complaint.

162. Defendants deny the allegations in paragraph 162 of Plaintiff's First Amended Complaint.

163. Defendants deny the allegations in paragraph 163 of Plaintiff's First Amended Complaint.

164. The first two sentences of Paragraph 164 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. Defendants deny the remaining allegations in paragraph 164 of Plaintiff's First Amended Complaint.

165. Defendants deny the allegations in paragraph 165 of Plaintiff's First Amended Complaint.

166. Defendants deny the allegations in paragraph 166 of Plaintiff's First Amended Complaint.

**VII. Tazing a Non-Violent Citizen to Enforce an Unlawful Arrest is Excessive.**

167. Defendants deny the allegations in paragraph 167 of Plaintiff's First Amended Complaint.

168. Paragraph 168 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 168 of Plaintiff's First Amended Complaint.

169. Defendants deny the allegations in paragraph 169 of Plaintiff's First Amended Complaint.

170. Defendants deny the allegations in the first sentence of paragraph 170 of Plaintiff's First Amended Complaint. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 170 of Plaintiff's First Amended Complaint.

171. Defendants deny the allegations in paragraph 171 of Plaintiff's First Amended Complaint.

172. Paragraph 172 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 172 of Plaintiff's First Amended Complaint.

173. Defendants deny the allegations in paragraph 173 of Plaintiff's First Amended Complaint.

174. Defendants deny the allegations in paragraph 174 of Plaintiff's First Amended Complaint.

175. Defendants admit that prosecution based on falsified evidence can be violative of the Constitution. Defendants deny the remainder of the allegations in paragraph 175 of Plaintiff's First Amended Complaint.

**G.** **Defendants' Framing Mr. Young Caused Chronic and Irreparable Harm.**

176. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 176 of Plaintiff's First Amended Complaint.

177. Defendants deny the allegations in paragraph 177 of Plaintiff's First Amended Complaint.

178. Defendants deny the allegations in paragraph 178 of Plaintiff's First Amended Complaint.

179. Defendants deny the allegations in paragraph 179 of Plaintiff's First Amended Complaint.

180. Defendants deny the allegations in paragraph 180 of Plaintiff's First Amended Complaint.

181. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 181 of Plaintiff's First Amended Complaint.

182. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 182 of Plaintiff's First Amended Complaint.

183. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 183 of Plaintiff's First Amended Complaint.

184. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 184 of Plaintiff's First Amended Complaint.

185. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 185 of Plaintiff's First Amended Complaint.

186. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 186 of Plaintiff's First Amended Complaint.

187. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 187 of Plaintiff's First Amended Complaint.

188. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 188 of Plaintiff's First Amended Complaint.

189. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 189 of Plaintiff's First Amended Complaint.

190. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 190 of Plaintiff's First Amended Complaint.

191. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 191 of Plaintiff's First Amended Complaint.

192. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 192 of Plaintiff's First Amended Complaint.

193. Defendants deny the allegations in paragraph 193 of Plaintiff's First Amended Complaint.

**VIII. The City of Irving Failed to Intervene, Train, Respond, & Failed to Manage its Organizational Policies, Which Caused Mr. Young Constitutional Deprivation.**

Via its *Memorandum Opinion and Order* dated March 21, 2025 [Dkt. 47], the Court granted Defendant City of Irving's motion to dismiss, and all claims against the City were dismissed via *Judgment* [Dkt. 48] that same date. As such, no response to the allegations in Section VIII of Plaintiff's First Amended Complaint is necessary. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraphs 194 - 236 of Plaintiff's First Amended Complaint.

## H. CLAIMS FOR RELIEF

**COUNT I | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANT OFFICERS | FOR DELIBERATELY FABRICATING EVIDENCE TO FRAME MR. YOUNG IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE**

237. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

238. Paragraph 238 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 238 of Plaintiff's First Amended Complaint.

239. Defendants deny the allegations in paragraph 239 of Plaintiff's First Amended Complaint.

240. Defendants deny the allegations in paragraph 240 of Plaintiff's First Amended Complaint.

241. Defendants deny the allegations in paragraph 241 of Plaintiff's First Amended Complaint.

242. Defendants deny the allegations in paragraph 242 of Plaintiff's First Amended Complaint.

243. Defendants admit that affidavits were submitted to a magistrate and to the Dallas County District Attorney's Office. Defendants deny the remainder of the allegations in paragraph 243 of Plaintiff's First Amended Complaint.

244. Defendants deny the allegations in paragraph 244 of Plaintiff's First Amended Complaint.

245. Defendants deny the allegations in paragraph 245 of Plaintiff's First Amended Complaint.

246. Defendants deny the allegations in paragraph 246 of Plaintiff's First Amended Complaint.

247. Defendants deny the allegations in paragraph 247 of Plaintiff's First Amended Complaint.

248. Defendants deny the allegations in paragraph 248 of Plaintiff's First Amended Complaint.

**COUNT II | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR RELIANCE ON FALSE STATEMENTS AND MATERIAL OMISSIONS IN AN APPLICATION FOR A WARRANT TO FORCIBLY EXTRACT AND EXAMINE MR. YOUNG'S BLOOD IN VIOLATION OF THE FOURTH AMENDMENT**

249. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

250. Defendants deny the allegations in paragraph 250 of Plaintiff's First Amended Complaint.

251. Defendants deny the allegations in paragraph 251 of Plaintiff's First Amended Complaint.

252. Defendants deny the allegations in paragraph 252 of Plaintiff's First Amended Complaint.

253. Defendants deny the allegations in paragraph 253 of Plaintiff's First Amended Complaint.

254. Defendants deny the allegations in paragraph 254 of Plaintiff's First Amended Complaint.

255. Defendants deny the allegations in paragraph 255 of Plaintiff's First Amended Complaint.

**COUNT III | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR RELIANCE ON FALSE STATEMENTS AND MATERIAL OMISSIONS IN A PROBABLE CAUSE AFFIDAVIT TO ERRONEOUSLY ARREST MR. YOUNG**

256. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

257. Defendants deny the allegations in paragraph 257 of Plaintiff's First Amended Complaint.

258. Defendants deny the allegations in paragraph 258 of Plaintiff's First Amended Complaint.

259. Defendants deny the allegations in paragraph 259 of Plaintiff's First Amended Complaint.

260. Defendants deny the allegations in paragraph 260 of Plaintiff's First Amended Complaint.

261. Defendants deny the allegations in paragraph 261 of Plaintiff's First Amended Complaint.

262. Defendants deny the allegations in paragraph 262 of Plaintiff's First Amended Complaint.

**COUNT IV | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANT OFFICERS | FOR RETALIATION AGAINST MR. YOUNG FOR QUESTIONING THE LEGITIMACY OF-AND HIS LEGAL OBLIGATION TO KNOW WHY HE WAS DETAINED FOR A TRAFFIC STOP**

263. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

264. Paragraph 264 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 264 of Plaintiff's First Amended Complaint.

265. Defendants deny the allegations in paragraph 265 of Plaintiff's First Amended Complaint.

266. Defendants deny the allegations in paragraph 266 of Plaintiff's First Amended Complaint.

267. Defendants deny the allegations in paragraph 267 of Plaintiff's First Amended Complaint.

268. Defendants deny the allegations in paragraph 268 of Plaintiff's First Amended Complaint.

269. Defendants deny the allegations in paragraph 269 of Plaintiff's First Amended Complaint.

270. Defendants deny the allegations in paragraph 270 of Plaintiff's First Amended Complaint.

271. Defendants deny the allegations in paragraph 271 of Plaintiff's First Amended Complaint.

272. Defendants deny the allegations in paragraph 272 of Plaintiff's First Amended Complaint.

273. Defendants deny the allegations in paragraph 273 of Plaintiff's First Amended Complaint.

274. Defendants deny the allegations in paragraph 274 of Plaintiff's First Amended Complaint.

275. Defendants deny the allegations in paragraph 275 of Plaintiff's First Amended Complaint.

### COUNT V | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANT OFFICERS | FOR CIVIL CONSPIRACY

276. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

277. Defendants deny the allegations in paragraph 277 of Plaintiff's First Amended Complaint.

278. Defendants deny the allegations in paragraph 278 of Plaintiff's First Amended Complaint.

279. Defendants deny the allegations in paragraph 279 of Plaintiff's First Amended Complaint.

280. Defendants deny the allegations in paragraph 280 of Plaintiff's First Amended Complaint.

281. Defendants deny the allegations in paragraph 281 of Plaintiff's First Amended Complaint.

### COUNT VI | 42 U.S.C. § 1983 | AGAINST ALL DEFENDANTS | FOR FAILURE TO INTERVENE

282. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

283. Defendants deny the allegations in paragraph 283 of Plaintiff's First Amended Complaint.

284. Defendants deny the allegations in paragraph 284 of Plaintiff's First Amended Complaint.

285. Defendants deny the allegations in paragraph 285 of Plaintiff's First Amended Complaint.

286. Defendants deny the allegations in paragraph 286 of Plaintiff's First Amended Complaint.

287. Defendants deny the allegations in paragraph 287 of Plaintiff's First Amended Complaint.

### COUNT VII| 42 U.S.C. § 1983 | AGAINST THE CTY OF IRVING | FOR FAILURE TO INTERVENE, SUPERVISE, MANAGE, AND DELIBERATE INDIFFERENCE | MONNELL LIABILITY

---

288. Defendants also reallege and incorporate by reference their responses to the above paragraphs as if fully set forth herein.

289. Defendants deny the allegations in paragraph 289 of Plaintiff's First Amended Complaint.

290. Defendants deny the allegations in paragraph 290 of Plaintiff's First Amended Complaint.

291. Defendants deny the allegations in paragraph 291 of Plaintiff's First Amended Complaint.

292. Defendants deny the allegations in paragraph 292 of Plaintiff's First Amended Complaint.

293. Defendants deny the allegations in paragraph 293 of Plaintiff's First Amended Complaint.

294. Defendants deny the allegations in paragraph 294 of Plaintiff's First Amended Complaint.

295. Defendants deny the allegations in paragraph 295 of Plaintiff's First Amended Complaint.

296. Defendants deny the allegations in paragraph 296 of Plaintiff's First Amended Complaint.

297. Defendants admit the allegations in paragraph 297 of Plaintiff's First Amended Complaint.

298. Defendants deny the allegations in paragraph 298 of Plaintiff's First Amended Complaint.

299. Defendants deny the allegations in paragraph 299 of Plaintiff's First Amended Complaint.

## I.    CONCLUSION

300. Defendants deny the allegations in paragraph 300 of Plaintiff's First Amended Complaint.

301. Defendants deny the allegations in paragraph 301 of Plaintiff's First Amended Complaint.

302. Paragraph 302 of Plaintiff's First Amended Complaint contains propositions of law and legal conclusions to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 302 of Plaintiff's First Amended Complaint.

303. Defendants deny the allegations in paragraph 303 of Plaintiff's First Amended Complaint.

304. Defendants deny the allegations in paragraph 304 of Plaintiff's First Amended Complaint.

305. Defendants deny the allegations in paragraph 305 of Plaintiff's First Amended Complaint.

306. Paragraph 306 of Plaintiff's First Amended Complaint contains argument to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 306 of Plaintiff's First Amended Complaint.

## J. REQUEST FOR RELIEF

307. Defendants deny the allegations in paragraph 307 of Plaintiff's First Amended Complaint.

308. Paragraph 308 of Plaintiff's First Amended Complaint contains argument to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 308 of Plaintiff's First Amended Complaint.

309. Paragraph 309 of Plaintiff's First Amended Complaint contains argument to which no answer is required. However, to the extent that an answer is nonetheless required, Defendants deny the allegations in paragraph 309 of Plaintiff's First Amended Complaint.

### JURY DEMAND

Defendants also request a trial by jury on all matters triable before a jury in this case.

### CONCLUSION

Defendants respectfully pray that: (1) Plaintiff take nothing by this suit; (2) all relief requested by Plaintiff be denied; (3) Defendants recover all costs of suit and attorney's fees; and (4) for such other and further relief, general or special, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**CITY ATTORNEY'S OFFICE**
**CITY OF IRVING, TEXAS**

By:     /s/Saul Pedregon
        **SAUL PEDREGON**
        Senior Assistant City Attorney
        State Bar No. 00797231
        Email: spedregon@cityofirving.org

**JASON D. McCLAIN**
Senior Assistant City Attorney
State Bar No. 00797032
Email: jmcclain@cityofirving.org
825 West Irving Boulevard
Irving, Texas 75060
Telephone: 972.721.2541
Facsimile:  972.721.2750

**ATTORNEYS FOR DEFENDANTS**
**ADAM LANDRY and ANDREW HAMMETT**


## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following parties or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

DeRonnius R. Young (pro se)
4800 W Lovers Lane
#406
Ste 406
Dallas, TX 75209

/s/Saul Pedregon
**SAUL PEDREGON**
Assistant City Attorney